**In re Robert and Dorothy SULLIVAN, Debtors.**

**Robert SULLIVAN, Plaintiff–Appellant,**

**v.**

**ALL STATES LUMBER, INC., et al., Defendants–Appellees.**

Civ. A. No. 3:88–0288.
Bankruptcy No. 386–04336.

United States District Court,
M.D. Tennessee,
Nashville Division.

July 19, 1988.

Henry Clay Barry, Lebanon, Tenn., for plaintiff-appellant.

Albert Partee, III, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., for defendants-appellees.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

Mr. Robert Sullivan incurred an indebtedness to All States Lumber, Inc. (All States) on November 21, 1985, and drew a check to All States in purported payment of that indebtedness on the ensuing November 29. Such check was returned to All States by the drawee because of insufficient funds.

Mr. Sullivan filed his petition in bankruptcy under the provisions of the United States Bankruptcy Code, chapter 7, on October 10, 1986, and the clerk of the Bankruptcy Court of this District notified his creditors, allegedly including All States, of such filing. Eleven days afterward, an official of All States swore out a criminal warrant of the state of Tennessee, charging Mr. Sullivan with having violated Tennessee's fraudulent check law, T.C.A. § 39–3–301, by issuing to it a "cold check" in payment of his indebtedness.

Mr. Sullivan thereupon filed a complaint against All States in our Bankruptcy Court on January 22, 1987, seeking to enjoin All States from prosecuting the foregoing criminal charge against him and requesting the Bankruptcy Court of this District to hold All States in contempt. This complaint was amended on February 11, 1987, so as to add as defendants in their respective official capacities therein each of the appellees herein, Lawrence Ray Whitley, Esq., district attorney general of the 18th

judicial district of Tennessee, and his assistant, C. Wayne Hyatt, Esq.

It was charged in such complaint, as thus amended, that all the defendants, including the appellees herein, had violated 11 U.S.C. § 362 and 41 U.S.C. § 1983, by prosecuting Mr. Sullivan as aforesaid after such had become aware that he had been discharged theretofore in bankruptcy. Mr. Sullivan sought therein, not only injunctive relief, but also a finding that All States was in civil contempt of the Bankruptcy Court for this District and the consequent award of $5,000 in compensatory damages, $5,000 in punitive damages, reasonable fees for his attorneys, and costs of Court.

Such Bankruptcy Court found, after an evidentiary hearing, that the "defendants [appellees] have in no wise violated the bankruptcy code, specifically the automatic stay per 11 U.S.C. § 362." Order of February 25, 1987. Mr. Sullivan was allowed 10 days therefrom in which to again amend his complaint but has taken no appeal from the order of February 25, 1987, *supra*, of the Bankruptcy Court for this District.

Mr. Sullivan amended his (amended-)complaint timely again on March 2, 1987. It was identical with his original complaint, as amended, except Mr. Sullivan abandoned his claim that the defendants-appellees had violated the provisions of 42 U.S.C. § 1983, *supra;* added the claim that the aforesaid debt he owed All States had been discharged on February 19, 1987 by such Bankruptcy Court; alleged that notice of such discharge had been sent to his creditors; and also added his claim that the defendants-appellees had violated the provisions of 11 U.S.C. § 524.

The appellees Messrs. Whitley and Hyatt moved the Bankruptcy Court on March 17, 1987 to dismiss the more recent complaint of Mr. Sullivan, on the grounds that he had failed to state a claim on which relief could be granted and for want of jurisdiction of the Bankruptcy Court of the subject matter. After the filing of such motion for dismissal, but prior to the entry of an order thereon, Mr. Sullivan was tried and acquitted of the aforementioned criminal charge which had been brought against him.

The Bankruptcy Court, by order of February 3, 1988, entered its finding that the application by Mr. Sullivan for injunctive relief against All States had been rendered moot by such trial and judgment of acquittal entered in the criminal action against him. It makes no specific finding with respect to the claim of Mr. Sullivan, that the appellees Messrs. Whitley and Hyatt had prosecuted him wrongfully and maliciously for the purpose of collecting a civil indebtedness due it by him while aware of such discharge.

The appellant Mr. Sullivan appeals now from such order of February 3, 1988 of such Bankruptcy Court, *supra*, dismissing his complaint. He contends that the prosecution of him by Messrs. Whitley and Hyatt did, in fact, violate provisions of 11 U.S.C. §§ 362, 524, *supra;* however, his brief on this appeal addresses only the issue of prosecutorial immunity from a civil action for damages emanating from such appellees' discharge of their respective prosecutorial functions.

Mr. Sullivan failed to include such issue he thus addressed by brief, in his designation of issues on this appeal; neither did the Bankruptcy Court of this District address such issue in any order herein. Accordingly, the sole issue for consideration by this Court on this appeal is whether, by such prosecution of Mr. Sullivan, the appellees violated 11 U.S.C. § 524, *supra.**

The latter-cited section does not create a cause of action upon which Mr. Sullivan may base his legal action against the appellees herein. "The question of the existence of a statutory cause of action is * * * one of statutory construction. [The] analysis must begin with the language of the statute itself." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 2485 [1, 3], 61 L.Ed.2d 82 (1979).

---

* As stated previously, Mr. Sullivan did not appeal the order of the Bankruptcy Court wherein such Court found that the appellees in no wise violated 11 U.S.C. § 362, *supra.* This Court will not at this juncture consider his claim that there was such a violation.

This Court concludes that the language of the last-cited statute relates only to the *effect* of a discharge in bankruptcy and does not constitute a proscription by the Congress of any conduct by a person in regard to such discharge, and thus does not create a right of action therefor. For that reason, the order of February 3, 1988 of the Bankruptcy Court of this District, *supra*, hereby is

AFFIRMED.