**In re Fred W. NELSON, Debtor.**

**Fred W. Nelson and Danny L. Summerlin, on behalf of themselves and all other similarly situated plaintiffs, Plaintiffs,**

**v.**

**Providian National Bank, Defendant.**

**Bankruptcy No. 97–6946–9P7.
Adversary No. 98–205.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Jan. 20, 1999.

---

John A. Yanchunis, Tampa, FL, for plaintiffs.

Catherine Peek McEwen, Tampa, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon Providian National Bank's (Bank) Motion to Dismiss Class Action Complaint filed by the Plaintiffs, Fred W. Nelson (Nelson) and Danny L. Summerlin (Summerlin), on behalf of themselves and all other similarly

situated plaintiffs, (Plaintiffs). Having reviewed the Motion to Dismiss and the record, and having heard argument of counsel, this Court finds as follows:

Encouraged by several successful attacks on the credit and collection practices of Sears, Roebuck & Co., *see e.g. In re Latanowich,* 207 B.R. 326 (Bankr.D.Mass. 1997), the Plaintiffs filed an eight-count class action complaint on behalf of themselves and other similarly situated parties. In their Complaint, the Plaintiffs advance and seek new and unique relief based on some novel legal theory. The gravamen of the Complaint centers around the following alleged conduct of all issuers of credit cards and, in the present instance, the Defendant named in this Complaint.

The claim asserted in Count I is based on the alleged violation of Section 524 of the Bankruptcy Code for using impermissible methods to enter into post-petition reaffirmation agreements. Count II asserts an action for damages pursuant to 11 U.S.C. § 362(h) for allegedly pursuing a strategy of collecting debts and extorting reaffirmation agreements against Nelson, Summerlin and putative class members. Count III asserts an action for damages for Defendant's violation of the Florida Deceptive and Unfair Trade Practices Act, *Fla.Stat.* § 501.201, *et seq* (1998). Count IV is an action for damages under the Florida Consumer Collection Practices Act, Chapter 559, *Florida Statutes.* Count V is an action for declaratory relief seeking a declaration that reaffirmation agreements, settlement agreements and judgments entered into between the Bank and the Plaintiffs are invalid and set aside. Count VI is an action for damages for abuse of process. Count VII is a claim for equitable relief in the form of restitution based on the contention that the Defendant acted willfully, intentionally and with malice toward the Plaintiffs. Count VIII is an action for equitable relief as a result of unjust enrichment, based on the contention that as a result of the Defendant's

wrongful acts, the Plaintiffs have suffered damages.

It is alleged by the Plaintiffs that (1) in the past and presently, the Defendant and other credit card issuers unscrupulously solicit and issue credit cards to Nelson and Summerlin and other consumer debtors; (2) the Defendant and other credit card issuers improperly solicit reaffirmation agreements in violation of Section 524 of the Bankruptcy Code from consumer debtors who have been, are now and/or who may in the future be debtors in a Chapter 7 case; (3) the Defendant and other credit card issuers are using their economically superior position to challenge the dischargeability of debts owed by consumer debtors on credit cards pursuant to Section 523(a)(2), suing consumer debtors and alleging fraud in order to coerce the execution of reaffirmation agreements; and (4) the Defendant and other credit card issuers, in violation of 11 U.S.C. § 524, improperly attempt to collect prepetition debts from debtors who received their discharges.

Based on these allegations, the Plaintiffs seek (a) a declaration from this Court that the described conduct violates 11 U.S.C. §§ 362 and 524 and several state statutes governing collection practices of consumer debts; (b) injunctive relief to prohibit the continuation of these practices; (c) a declaration that (i) all reaffirmation agreements signed by consumer debtors are invalid and unenforceable; (ii) all payments made pursuant to such agreements shall be refunded; and (iii) all judgments obtained not only by this Defendant, but by all credit card issuers, shall be declared to be invalid and unenforceable; and (d) the imposition of costs and attorneys fees and punitive damages.

The Bank filed its Motion to Dismiss contending that Count I, based on a violation of Section 524 should be dismissed for failure to state a claim upon which relief can be granted because no private right of action exists under Section 524 of the Bankruptcy Code for violation of the dis-

charge injunction. Moreover, the Bank contends that the alleged acts of which Plaintiffs complain do not, as a matter of law, constitute a violation of Section 524 because the Complaint does not allege that either Nelson or Summerlin entered into a reaffirmation agreement with the Bank.

As to Count II based on an alleged violation of Section 362(h), the Bank contends that Count II fails to state a claim upon which relief can be granted in that the Complaint merely alleges that the Defendant filed a nondischargeability complaint, an action that can never violate the automatic stay as a matter of law.

As to Count III, based upon an alleged violation of the Florida Deceptive and Unfair Trade Practices Act, and Count IV, based upon an alleged violation of the Florida Consumer Collections Practices Act the Bank contends that the Complaint fails to state a claim upon which relief can be granted in that the relief sought by Nelson and Summerlin in Counts I and II preempts the relief sought by Nelson and Summerlin and the putative class in Count III and Count IV.

## CLAIMS OF NELSON AND SUMMERLIN FOR VIOLATION OF DISCHARGE INJUNCTION

In support of its Motion to Dismiss, the Bank contends that this Court has no jurisdiction over Nelson's claim because his claim is not ripe; and that this Court has no jurisdiction over Summerlin's claim because Summerlin never sought relief from the Bank's judgment which is based on a stipulation between the Bank and Summerlin.

With respect to Count VI, the Bank also contends that Nelson and Summerlin's claim for abuse of process is not property of the estate in either of the cases of Nelson or Summerlin and that, therefore, the claim is not arising in, arising under or related to a bankruptcy case. Further, none of the members of the putative class have a claim for the same reasons. Lastly, the Bank contends that the claim is

preempted by the relief sought in Counts I and II and that the claim fails to state a claim for which relief can be granted. The claims in Counts VII and VIII are challenged by the Bank on the same grounds.

In order to place the Motion to Dismiss in an understandable posture, it should be helpful to consider the claims of Nelson and Summerlin separate from the claims asserted by them on behalf of the putative class, since Nelson and Summerlin are the only Plaintiffs who are debtors in cases pending before this Court.

Both Nelson and Summerlin contend in Count I that the conduct of Providian violated the injunction provision of the general bankruptcy discharge order entered in both cases pursuant to Section 524 and, therefore, they may seek to recover damages based on that alleged conduct. Whether there is a private cause of action for violation of the § 524 injunction, assuming there was a violation, has been considered by the U.S. District Court for the Northern District of Georgia in the case of Dericj Pereirra, who filed a complaint on behalf of himself and all other similarly situated plaintiffs, against First North American National Bank (Bank), Civil Action 1998–CV–0103–TWT. In that case, Mr. Pereirra, a resident of Massachusetts, obtained his general bankruptcy discharge in the Bankruptcy Court for the District of Massachusetts. Mr. Pereirra executed a reaffirmation agreement in that case and continued to make payments to the Bank thereafter. The Bank, however, never filed the reaffirmation agreement with the bankruptcy court. The District Court, rejecting claims based on Section 524, held that there is no private cause of action in the District Court for alleged violations of Section 524 other than the court having jurisdiction of the underlying bankruptcy case, citing, *Perovich v. Humphrey,* 1997 WL 674975 (N.D.Ill.1997); and *In re Sullivan,* 90 B.R. 307 (M.D.Tenn. 1988). There is hardly any question that a debtor, whose rights are violated by a

creditor's attempt to collect a prepetition debt which has been discharged in bankruptcy, has a right to seek protection by way of contempt proceedings. However, the bankruptcy court has no jurisdiction to entertain a private cause of action for damages by debtors who obtained their discharge in a court other than this one.

■ Here, Count I is not a claim to institute a contempt proceeding against Providian. A proceeding to cite one for contempt for willful violation of the injunction is not an adversary proceeding but a contested matter and must be instituted in compliance with the procedural provisions of Fed.R.Bankr.Pro. 9020. For this reason, Count I, seeking relief for violation of the discharge provision of Section 524 does not state a viable claim and, therefore, Count I, as to both Nelson and Summerlin, should be dismissed.

### CLAIM OF NELSON FOR VIOLATION OF AUTOMATIC STAY

Neither Nelson nor Summerlin entered into a reaffirmation with the Bank. Thus, the claims brought by them on behalf of the putative class concerning the Bank's conduct in obtaining reaffirmation agreements is not under consideration. Only Nelson and Summerlin's claims considering the alleged violations of the automatic stay and the discharge injunction will be discussed.

■ As recited earlier, Nelson is currently a named defendant in a pending dischargeability complaint filed by the Bank. The trial is now scheduled to be held early next year. Although Nelson and Summerlin did not enter into reaffirmation agreements with the Bank, Nelson is named as a defendant in the action filed by the Bank pursuant to Section 523(c). Nelson alleges that the Bank violated the protective provisions of the automatic stay provided by Section 362(a) by filing the complaint to determine dischargeability. That this proposition is absurd is the understatement of the year.

In *In re Hodges*, 83 B.R. 25 (Bankr. N.D.Cal.1988), the Bankruptcy Court held that a nondischargeability action can never violate the automatic stay as a matter of law. The Bankruptcy Code expressly provides that all claims asserting nondischargeability based on 11 U.S.C. §§ 523(a)(2), (4), (6) and (15) must be filed in the bankruptcy court, the only court which has exclusive jurisdiction to determine the nondischargeability of a debt based on those exceptions. The contention that the exercise of a mandated statutory right under the Bankruptcy Code is a violation of the automatic stay is almost as absurd as a contention that any creditor who files a proof of claim in bankruptcy violated the automatic stay.

■ In this connection, it also should be noted that a dischargeability complaint must be filed within sixty days from the first date set for the meeting of creditors pursuant to Section 341. Thus, Providian clearly had no choice but to file its complaint. Section 523(d) expressly provides a remedy for frivolous and baseless suits filed by creditors who sought a determination of the nondischargeability of a debt. This Section permits the entry of a judgment in favor of a consumer debtor for costs and reasonable attorneys fees if the court finds that the creditor was not substantially justified in filing the complaint. See 11 U.S.C. § 523(d). This is the one and only remedy available to a consumer debtor and the Bankruptcy Code does not provide an independent right to sue for recovery.

■ In addition to the foregoing, Nelson contends that he received an unsolicited card from Providian in 1995. It is further contended by Nelson that Providian violated the automatic stay in that after the commencement of his case, his wife received several harassing telephone calls from the Defendant threatening to garnish the Nelsons' wages. Such a scenario, if true, might form the basis of a claim for violating the automatic stay. This is con-

trary to Providian's position that calls were made only to the Debtor's wife, and not the Debtor and that, therefore, no violation of the automatic stay occurred. It is clearly a specious argument that harassing telephone calls made to a nondebtor spouse are not designed to coerce a consumer debtor to repay a discharged debt which is prohibited under Section 362(a)(1). In Nelson's case, the discharge is yet to be entered. Therefore, any claim based upon an alleged violation of the discharge injunction is premature and not ripe for consideration. Obviously, a discharge to be issued pursuant to Section 524 cannot be violated before the discharge is entered.

## CLAIM OF SUMMERLIN FOR VIOLATION OF AUTOMATIC STAY

Summerlin is not alleging that the automatic stay was violated in his case. Summerlin filed his Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on June 20, 1966 and scheduled the Bank as a creditor based upon the Bank's issuance of a credit card to Summerlin. The Bank filed its Complaint pursuant to Section 523(c), alleging the fraudulent use of the credit card pursuant to Section 523(a)(2)(A) and seeking a determination that the credit card balance owed to the Bank shall be excepted from the overall protection of the discharge. Rather than defend the lawsuit, Summerlin, who was represented by counsel, entered into a stipulation with the Bank and consented to the entry of a Final Judgment determining the debt in the amount agreed upon to be nondischargeable. The final judgment in Summerlin was never appealed and, thus, became final and binding.

The precise relief sought by Summerlin, as stated in Count V, is the entry of a judgment pursuant to Fed.R.Bankr.Pro. 9024, requiring the Bank to refund to Summerlin all payments made with interest pursuant to the consent judgment. In addition, Summerlin seeks a determination that all consent judgments obtained by the Bank against Summerlin and members of the putative class are invalid and shall be set aside.

Fed.R.Bankr.Pro. 9024 is the only possible rule under which Summerlin might seriously urge that the consent judgment should be set aside and vacated. Rule 9024(b), which adopts Fed.R.Civ.Pro. 60(b), permits relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.Pro. 60(b).

Motions for relief under subclauses (1), (2) and (3) may not be made more than one year after judgment is entered. Rule 9024, however, does permit the court to consider an independent action to relieve a party from judgment for fraud upon the court without a limitations period.

An independent action will be allowed only under exceptional circumstances. 11 Wright & Miller Federal Practice & Procedure §§ 2868 at 239. This Court is not oblivious to the cases cited by Plaintiffs' counsel, *Milwaukee County v. M.E. White Co.*, 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935) and *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). Both cases were decided prior to the amendment of Rule 60(b) in 1946. Accordingly, the reasoning of these Supreme Court cases have been subsumed in amended Rule 60(b). An independent

action under the rule based on fraud may be brought outside the one-year limitation but it must be based on fraud upon the court and not fraud upon a party. *See In re Hillsborough Holdings Corp.*, 203 B.R. 1000, 1007 (Bankr.M.D.Fla.1996). In order for fraud to lay a foundation for an independent action, the fraud must not have been put in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party. *See Travelers Indemnity Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir.1985). When the movant's own fault, negligence or carelessness, however innocent, contributed to the entry of the original judgment, an independent action for relief is improper unless the evidence to establish injustice is "practically conclusive." *See Booker v. Dugger*, 825 F.2d 281 (11th Cir.1987) (citations omitted), cert. denied 485 U.S. 1015, 108 S.Ct. 1488, 99 L.Ed.2d 716 (1988).

█ In the present instance, Summerlin was represented by counsel. If he has a complaint based on incompetent advice in entering into the consent judgment, he should seek relief from counsel and not from the Bank. Summerlin has not alleged that subclauses (1), (2) or (3) are applicable or that there was fraud upon the Court. In the last analysis, the claim is an impermissible collateral attack on a binding final judgment and, therefore, fails to state a claim for which relief can be granted.

## JURISDICTION OVER STATE LAW CLAIMS (COUNTS III, IV AND VI) CORE VS. NON–CORE/NON–RELATED CLAIMS

█ It is a basic proposition that before the court can entertain a claim, the plaintiff's standing is a condition precedent to any relief sought. In the bankruptcy context, if debtors assert a claim against a third party, the question inevitably arises as to whether that claim is a prepetition claim, therefore, property of the estate which can only be asserted by the trustee of the estate; or a postpetition claim, which is not property of the estate and which the debtor may assert. In the present instance, Counts III and IV are based on the alleged violation by the Defendant of the provisions of the Florida Deceptive and Unfair Trade Practices Act and the Florida Consumer Collection Practices Act, respectively. To the extent these claims relate to the Defendant's prepetition collection activities, conduct which is not clear from this record, clearly these chose of actions can only be asserted by the Trustee of the estate and not by the Debtors. If the conduct and collection practices of which the Debtors complain relate to matters which occurred post-petition, the Debtors may have standing to assert such claims. However, if the conduct relates to the collection of a prepetition debt which has been discharged, that would be a violation of Section 524. Be that as it may, the subject matter jurisdiction of this Court is still a threshold question.

█ In order to establish this Court's jurisdiction, the matter must be within the jurisdictional parameters set forth in 28 U.S.C. § 157 which grants jurisdiction to the bankruptcy court on "core" and "related" civil proceedings. All claims asserted in a court of bankruptcy based on state statute or state law do not necessarily compel the conclusion that the controversy is non-core. After all, most claims filed in bankruptcy are based on state law and, clearly, any objection to the allowance of a claim is one of the classic non-core proceedings in bankruptcy. 28 U.S.C. § 157(b)(2)(B). Section 157 also provides that a determination that a proceeding is non-core shall not be made solely on the basis that its resolution may be affected by state law. 28 U.S.C. § 157(a)(3).

While it is true that this Court has jurisdiction over matters which are merely related and non-core, its jurisdiction is limited to making findings and recommendations. 28 U.S.C. § 157(c)(1). If the controversy before the Court is not a related matter, this Court lacks jurisdiction, a ba-

sis for abstention pursuant to 28 U.S.C. § 1334(c)(1) or (2).

 The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. *See In re Boone*, 52 F.3d 958, 960 (11th Cir.1995). An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action, either positively or negatively, and which in any way impacts upon the handling and administration of the bankruptcy estate. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995); *In re Lemco Gypsum, Inc.*, 910 F.2d 784 (11th Cir.1990); *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984).

Based on the foregoing, this Court is satisfied that the claims set forth in Counts III, IV and VI are not related civil proceedings because they have no effect whatsoever on the administration of this Chapter 7 case. *In re Lemco Gypsum, Inc.*, *supra.*

The claims in Counts VI for abuse of process, VII for restitution and VIII for unjust enrichment are common law causes of action. The Plaintiffs seek relief on equitable grounds contending that the Bank, by threatening to challenge the dischargeability of the debts owed by card holders, acted unfairly and inequitably. They contend that the Bank filed complaints without substantial justification in furtherance of the scheme to extort reaffirmation agreements and avoid the scrutiny of reaffirmation agreements as required by Section 524.

There are no Bankruptcy Code provisions for abuse of process, restitution, or unjust enrichment. The alleged conduct on which these claims are based relate to two matters, the reaffirmation agreements procured by the Bank and the allegedly baseless complaint filed by the Bank pursuant to 11 U.S.C. § 523(a)(2)(A). Section 524 provides ample safeguards to assure that the debtor is fully advised of the legal significance of a reaffirmation agreement. The Bankruptcy Code does not require the reaffirmation of unsecured debts. Even if a debtor signs a reaffirmation, a debtor has the legal right to rescind the agreement.

## DOCTRINE OF ABSTENTION— 28 U.S.C. SEC. 1334(c)

 Even if a claim asserted in the bankruptcy court is based on pure state law, however, the court still must consider the extent to which the abstention provisions of 28 U.S.C. § 1334(c)(1) and (2) control this Court's jurisdiction.

The claims in Counts III and IV are based on Fla.Stat.Sec. 501.201 (Florida Deceptive and Unfair Trade Practices Act) and Fla.Stat.Sec. 559 (Florida Consumer Collection Practices Act), respectively. It might be argued that while it clearly has nothing to do with the administration of the estate in general, it has a connection with the Debtor's right to enjoy the full benefit of the bankruptcy discharge and, therefore, may be deemed to be "related" to the Chapter 7 case. To the extent the Defendant seeks to use these statutes to invalidate or render ineffective final judgments by consent entered by this Court, the claims are clearly impermissible collateral attacks. Assuming for the purpose of discussion that they are "related," the consideration remains as to whether this Court should abstain from considering state law claims pursuant to 28 U.S.C. Sec. 1334(c)(1), which provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

These claims are based on pure state law. It would be unseemly for this Court to interpret these Statutes and establish a precedent. Thus, in the interest of comity

with the state courts and respect for state law, this Court is satisfied that it is appropriate to recommit these issues to a state court of competent jurisdiction to consider these matters. Based on the foregoing, this Court is satisfied that even if the claims asserted in these counts are deemed to be related, this Court should not consider them and should abstain pursuant to 28 U.S.C. 1334(c)(1).

## CLAIM ASSERTED ON BEHALF OF A CLASS (COUNTS I, II, III, IV)

As described earlier, Count I and II are filed by Summerlin and Nelson, not only on their own behalf, but on behalf of all other parties who have been debtors who either entered into reaffirmation agreements or consented to judgments in an adversary proceeding filed by the credit card issuer based on the abusive use of the card privilege. This claim is asserted on behalf of not only those who currently are debtors, but have been debtors in other courts or may possibly be debtors in the future to whom cards might or might not be issued.

█ It should be pointed out that the class on whose behalf the Plaintiffs seek declaratory relief is not yet certified. There is serious doubt that the purported members of the alleged class could ever be certified by this Court. This is because this Court has no jurisdiction to adjudicate rights of parties who did not have cases filed in this Court and to declare the rights of parties who may never be part of any bankruptcy case. The judicial power of the United States is limited to considering and deciding cases and controversies. U.S. Const., Art. III. In the present instance, vis-a-vis the putative members of the class, there is no case or controversy pending before this Court, and this Court cannot issue advisory opinions or make a determination of issues which did not arise between specific identifiable parties unless a class is certified, which is not the case in the present instance and which cannot be classified by this court for the reasons noted above.

Be that as it may and disregarding the issue of class certification, it is evident that one of the Defendant's activities sought to be condemned, the solicitation of credit cards, is not conduct for which relief may be granted even to the named Plaintiffs.

█ Further, the solicitation of a reaffirmation agreement cannot be a violation of Section 524 simply because the Code expressly provides for reaffirmation agreements which are valid and enforceable if the parties fully comply with all the requirement set forth in Sections 524(c)(1)(2) and (3). The only remedy available under this section is to render the reaffirmation agreement unenforceable and not valid unless the debtor and creditor comply with all the requirements of Section 524(c).

█ As to the alleged violation of Section 362, the determination of whether the solicitation of a reaffirmation agreement violates Section 362(a), requires a fact specific analysis. *In re Jefferson*, 144 B.R. 620, 623 (Bankr.R.I.1992) A review of the decisions of courts that have decided this issue indicates a fairly uniform holding that "mere requests for payment are not barred by § 362(a)(6), absent coercion or harassment by a creditor." *Jefferson*, 144 B.R. at 623, citing *In re Briggs*, 143 B.R. 438, 452 (Bankr.E.D.Mich.1992); *Morgan Guaranty Trust Co. v. American Savings and Loan Ass'n*, 804 F.2d 1487, 1491 (9th Cir.1986), cert. denied, 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987); *In re Sechuan City, Inc.*, 96 B.R. 37, 43 (Bankr. E.D.Pa.1989); *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 85 (3rd Cir.1988).

█ The coercion complained of in Count V is that the Defendant threatened the Plaintiffs that if the Plaintiffs did not enter into reaffirmation agreements with the Defendant, the Defendant would file an adversary proceeding under 11 U.S.C. § 523 for a determination that the entire respective debt was nondischargeable.

The problem here is that the Defendant has a legal right to file an adversary proceeding under Section 523 and if it does so frivolously, then a remedy is provided by Section 523(d). It is not coercion to threaten to do that which one has a legal right to do.

The claims are merely attempts to obtain an advisory opinion from this Court that the practice of credit card issuers to solicit and issue credit cards to consumer debtors is unscrupulous, that their conduct of soliciting reaffirmation agreements and exercising their right under Section 524 is a violation of the Code; and that using their economically superior financial position filing frivolous complaints pursuant to Section 523(a)(2) for the purpose of coercing reaffirmation agreements are clearly improper. This Court lacks jurisdiction to make such a determination and clearly has no power or jurisdiction to invalidate reaffirmation agreements approved or consent judgments in dischargeability actions entered by courts of competent jurisdiction other than this Court.

In sum, with the exception of Summerlin's claim of an automatic stay violation by making harassing telephone calls, all other claims are without merit and shall be dismissed. The claim of Nelson is premature simply because the dischargeability, *vel non,* of a debt owed by Nelson to Providian is yet to be determined and, in any event, Nelson did not enter into any reaffirmation agreements. Counts III, IV, VI, VII and VIII shall be dismissed for lack of jurisdiction.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss claims in Count III for violation of the Florida Deceptive and Unfair Trade Practices Act, Count IV for violation of the Florida Consumer Collections Practices Act, Count V for Declaratory Relief, Count VI for abuse of process, and Counts VII and VII for restitution and unjust enrichment, respectively, to the extent these claims are asserted on behalf of a putative class, is granted on the basis that this Court has no subject matter jurisdiction to entertain these claims on behalf of parties who are not before this Court as debtors. To the extent that these claims are asserted on behalf of Nelson and Summerlin, this Court abstains to consider these claims for reasons stated above. Counts III, IV, V, VI, and VII are hereby dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the claims in Count I to the extent the claim of Nelson is based on the violation of the discharge injunction be, and the same is hereby, denied. The Motion to Dismiss Count I, to the extent of Summerlin's claim of an alleged violation of the automatic stay, is granted and the claim of Summerlin is hereby dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the claims in Count II for violation of the automatic stay based upon telephone calls made by the Defendant to Nelson's wife is hereby denied. The Defendant shall have 15 days from the date of this order within which to file an answer. If an answer is filed, this adversary proceeding will be set for pretrial conference before the undersigned.