In re Timothy MOTICHKO
and Cynthia Motichko,
Debtors.

Timothy Motichko and Cynthia
Motichko, Plaintiffs,

v.

Premium Asset Recovery
Corp., Defendant.

Bankruptcy No. 05–40662.
Adversary No. 08–04055.

United States Bankruptcy Court,
N.D. Ohio.

June 27, 2008.

Philip D. Zuzolo, Zuzolo, Zuzolo, Zuzolo and Zuzolo, Niles, OH, for Debtors/Plaintiffs.

Stephen M. Bales, Ziegler, Metzger, & Miller LLP, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION

KAY WOODS, Judge.

Before the Court is Motion to Dismiss this adversary proceeding filed by Defendant Premium Asset Recovery Corp. ("PARC") on May 7, 2008 (Doc. # 12), together with Memorandum in Support of Motion to Dismiss ("PARC's Memorandum") (Doc. # 13) (collectively, "Motion to Dismiss"). On March 19, 2008, Debtors Cynthia Motichko and Timothy Motichko (collectively, "Debtors") filed Complaint Seeking Damages in Core and Non-Core Adversary Proceeding for Violation of the Discharge Injunction and Federal Law ("Complaint") (Doc. # 1) against PARC. Count I of the Complaint alleges that PARC violated the discharge injunction in 11 U.S.C. § 524. On June 2, 2008, Debtors filed Notice of Partial Dismissal of Adversary Proceeding (Doc. # 17), voluntarily dismissing Counts II and III of the Complaint, and Response Memorandum to Defendants [sic] Motion to Dismiss (Doc. # 18).

This Court has jurisdiction[1] pursuant to 28 U.S.C. § 1334 and the general order of reference (General Order No. 84) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (I), and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR.P. 7052.

## I. STANDARD FOR REVIEW

A party may bring a motion to dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) to test whether a cognizable claim has been pled in the complaint. If a plaintiff fails to state a cognizable claim, the court can dismiss the complaint. To withstand dismissal, the complaint must (i) provide a short and plain statement of the claim that shows the plaintiff is entitled to relief, (ii) give the defendant fair notice of the claim, and (iii) state the grounds upon which the claim rests. *See* FED.R.CIV.P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

FED.R.CIV.P. 12(b)(6), which is applicable to this case through FED. R. BANKR.P. 7012, requires that a complaint be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ── U.S. ──, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).[2] The Court of Appeals for the Sixth Circuit noted that

[t]he Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.... The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."

*Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) (citing *Twombly*, 127 S.Ct. at 1964–65) (internal citations omitted) (second alteration in original). *See also, Nicholson v. Countrywide Home Loans*, No. 1:07–CV–3288, 2008 WL 731032, *3, 2008 U.S. Dist. LEXIS 20714, *6 (N.D.Ohio March 17, 2008) ("Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable." (citing *Twombly*, 127 S.Ct. at 1974)); *Boling v. Correctional Medical Services*, No. 07–11752, 2007 WL 3203133, **3–4, 2007 U.S. Dist. LEXIS 80479, *8–9 (E.D.Mich. Oct. 31, 2007) (Noting *Twombly* "is consistent with the holdings of several prior Sixth Circuit opinions .... [that a complaint] 'must contain either direct or inferential allegations regarding all the material elements' .... [and be more than] 'a statement of facts

1. This Court's jurisdiction extends to Debtor's underlying chapter 7 case, as well as this adversary proceeding.

2. In *Twombly*, the Supreme Court held that the following language from *Conley* had earned its retirement: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.

that merely creates a suspicion that the pleader might have a right of action.'" (citations omitted)); and *Reid v. Purkey,* No. 2:06–CV–40, 2007 WL 1703526, **1–2, 2007 U.S. Dist. LEXIS 42761, *4–5 (E.D. Tenn. June 11, 2007) ("While a complain[t] need not contain detailed factual allegations, a pleader has a duty . . . . to supply, at a minimum, the necessary facts and grounds which will support his right to relief." (citing *Twombly,* 127 S.Ct. at 1964–65)).

In determining the sufficiency of a complaint, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). "The complaint need not specify all the particularities of the claim, and if the complaint is merely vague or ambiguous, a motion under FED.R.CIV.P. 12(e) for a more definite statement is the proper avenue rather than under FED.R.CIV.P. 12(b)(6)." *Aldridge v. United States,* 282 F.Supp.2d. 802, 803 (W.D.Tenn.2003) (citing 5A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1356 (1990)).

However, "the [c]ourt is not required to accept 'sweeping unwarranted averments of fact,'" *Official Comm. of Unsecured Creditors v. Austin Fin. Servs., Inc. (In re KDI Holdings, Inc.),* 277 B.R. 493, 502 (Bankr.S.D.N.Y.1999) (quoting *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987)), or "conclusions of law or unwarranted deduction." *KDI Holdings Inc.,* 277 B.R. at 502 (quoting *First Na-*tionwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir.1994)); see also Power & Tel. Supply Co., Inc. v. SunTrust Banks, Inc., 447 F.3d 923, 930 (6th Cir. 2006) ("The court need not accept legal conclusions or unwarranted factual inferences as true.").

## II. FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed a voluntary joint petition pursuant to chapter 7 of title 11 on February 15, 2005. (Main Case, Doc. # 1.) An order granting Debtors a discharge of their debts was entered on June 15, 2005. (Main Case, Doc. # 7.) The case was closed, and final decree entered, on June 23, 2005. (Main Case, Doc. # 9.) The case was reopened by order on March 17, 2008. (Main Case, Doc. # 12.)

The Complaint alleges that PARC has violated the discharge injunction of § 524 of the Bankruptcy Code. For purposes of this Opinion, the Court accepts the Complaint's allegations as true. Specifically, Debtors allege that PARC acted to collect on a discharged debt[3] by means of "harassing phone calls, dunning letters, and malicious credit reporting." (Compl.¶ 14.) PARC began sending collection notices and making telephone calls to Debtors in November 2006. (Compl.¶ 15.) During at least one of those telephone calls, Cynthia Motichko "informed the collector that those debts were included in her Bankruptcy." (*Id.*) Despite this information, Debtors assert that "the collector was rude and used misleading statements including but not limited to that [the debts] were not

---

**3.** Debtors assert that "PARC was attempting to collect a Western Reserve Care System account number 062225156 and a Trumbull Memorial account number 0621125164." (Compl.¶ 15.) PARC implies that the original creditor was Forum Health in Warren, Ohio. (PARC's Memorandum at 2–3.) Debtors' Schedule F lists Forum Health as a creditor with an unsecured non-priority claim of $6,881.16, based on "[m]edical multiple accounts." Although Debtors' Schedule F lists many doctors, labs and/or medical facilities, neither Western Reserve Care System nor Trumbull Memorial is listed therein. (Main Case, Doc. # 1.)

discharged in bankruptcy and that [Debtors] were still liable for the debts." (*Id.*) Debtors' counsel sent PARC a cease and desist letter by certified mail, for which PARC signed on December 11, 2006. (Compl.¶ 16.) PARC resumed collection calls and notices on or about March 21, 2007. (Compl.¶ 17.) Sometime later PARC began reporting the debt as unpaid on each Debtor's credit file. (Compl.¶ 18.)

## III. *ANALYSIS*

The Motion to Dismiss asserts three grounds for dismissal: (i) this Court lacks jurisdiction over Counts II and III of the Complaint; (ii) Debtors have failed to state a claim upon which relief can be granted because there is no private right of action for violation of the § 524 injunction; and (iii) Debtors should have brought this action as a motion for contempt rather than an adversary proceeding. Debtors have given notice of dismissal of Counts II and III without prejudice (Doc. # 18), pursuant to FED. R. BANK. P. 7041, leaving only the remaining two issues for the Court's attention.

### A. *Cause of Action*

■ A discharge entered in a chapter 7 case "discharges the debtor from all debts that arose before the date of the order for relief under this chapter. . . ." 11 U.S.C. § 727(b) (West 2007). Section 524 of the Bankruptcy Code provides that a discharge operates as an injunction against any action to collect a debt as a personal liability of the debtor. Specifically, subsections (a)(1) and (a)(2) state, in pertinent part:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect

to any debt discharged under section 727 . . . of this title, whether or not discharge of such debt is waived; [and]

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . .

11 U.S.C. § 524 (West 2007). The purpose of the discharge injunction in § 524 is to effectuate the post-discharge "fresh start" intended by Congress in enacting the Bankruptcy Code.

■ PARC cites *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir.2000) in support of its motion to dismiss. *Pertuso* does, indeed, establish that § 524 provides no private cause of action in the Sixth Circuit. However, this rule does not prohibit Debtors from bringing the instant adversary proceeding. "Generally, unless debtors are able to bring violations of the injunction to the court's attention, the court is unable to exercise its inherent and statutory powers under 11 U.S.C. § 105(a) to enforce its orders and remedy transgressions of the court's authority." *Laws v. First Nat'l Bank of Marin (In re Laws)*, No. 06–3121, 2007 WL 1121266, *3, 2007 Bankr.LEXIS 1352, *9 (Bankr.N.D. Ohio April 11, 2007).

■ Although no private right of action exists within the statute, the Sixth Circuit Court of Appeals and a majority of other circuits have held violations of § 524 are punishable by sanctions for contempt of court. *Pertuso*, 233 F.3d at 421–23. "In the Sixth Circuit there is no statutory private right of action for damages under 11 U.S.C. § 524. . . . However, violation of the discharge injunction does expose a creditor to potential contempt of court. . . .

If the contempt is established, the injured party may be able to recover damages as a sanction for the contempt." *Lohmeyer v. Alvin's Jewelers (In re Lohmeyer)*, 365 B.R. 746, 749–50 (Bankr.N.D.Ohio 2007) (internal citations omitted).

■ The mere fact that Debtors request damages in addition to sanctions does not convert their suit into a private action.

> Although the only relief expressly authorized by 11 U.S.C. § 524 is injunctive, 11 U.S.C. § 105(a) authorizes the issuance of "any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.... "As a transgression against the court, broad discretion is invested in the court in selecting an appropriate sanction." ... The modern trend in civil contempt proceedings is for courts to award actual damages for violations of § 524's discharge injunction, and, where necessary to effectuate the purposes of the discharge injunction, a debtor may be entitled to reasonable attorney fees.

*Miles v. Clarke (In re Miles)*, 357 B.R. 446, 450 (Bankr.W.D.Ky.2006) (internal citations omitted). *Chambers v. GreenPoint Credit (In re Chambers)*, 324 B.R. 326 (Bankr.N.D.Ohio 2005), discussed in detail the various sanctions potentially available to a court when a creditor violates the discharge injunction. Judge Richard L. Speer first noted that,

> [W]hen a party is in contempt, the imposition of sanctions, not an award of damages, is the appropriate remedy as, by knowingly violating a court order, the contemptor's actions transgressed the court's authority—any damage to an individual party, no matter the seriousness of the transgression, is merely incidental. As a transgression against the court, broad discretion is invested in the court in selecting an appropriate sanc-

tion. Although a variety of sanctions are available,—e.g., a fine paid into the court—it is recognized that, when faced with a contemptible violation of the discharge injunction, the contemptor's conduct is likely to have caused the debtor to incur damages. As such, courts generally permit, as a sanction, an award of damages to the debtor including attorney fees.

*Chambers*, 324 B.R. at 329. The *Chambers* court sanctioned the creditor by ordering it to pay direct damages to debtors for, *inter alia*, attorney fees, lost wages, and emotional distress. *Id.* at 330–31. In another case, sanctions in the total amount of $12,555.00 included attorney fees, compensatory damages, and $8,000.00 in punitive damages based on that creditor's egregious conduct. *In re Perviz*, 302 B.R. 357, 374 (Bankr.N.D.Ohio 2003).

Courts' dismissal of alleged § 524 violations based on no private cause of action generally involve jurisdictional issues. In those cases, debtors sought relief outside of the bankruptcy court where their discharges were granted. For example, *Pertuso* was originally a "purported class action" brought in the United States District Court for the Eastern District of Michigan. *Pertuso*, 233 F.3d at 420. Even where a complaint is brought in the appropriate bankruptcy court, it will be dismissed under the *Pertuso* rule if debtors attempt to create a nationwide class because that would require the bankruptcy court to rule upon violations of injunctions issued by other courts. *See, e.g., Wells Fargo Bank, N.A. v. Singleton (In re Singleton)*, 284 B.R. 322, 325 (D.R.I.2002) and *Nelson v. Providian Nat'l Bank (In re Nelson)*, 234 B.R. 528, 534 (Bankr. M.D.Fla.1999).

■ Such is not the case here. While Debtors' Complaint does not expressly

seek to have PARC held in contempt, the Court finds that Count I is sufficiently pled to seek such relief, for purposes of deciding the Motion to Dismiss.[4] Count I asserts that PARC is "in violation of the [§ 524] discharge injunction ... and [in] contempt of bankruptcy court orders." (Compl.¶ 24.) Debtors also allege that PARC's actions have caused them "unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code[.]" (Compl.¶ 26.) Finally, Debtors ask the Court to impose "actual damages, punitive damages and legal fees" as well as "sanctions" against PARC "[i]n order to carry out the provision of the Code and to maintain its integrity[.]" (Compl.¶¶ 27–28.)

■ In order to survive the Motion to Dismiss, the Complaint must provide PARC with notice of a cognizable claim asserted against it for violation of the discharge injunction in 11 U.S.C. § 524. The Complaint, therefore, must contain facts alleging each material element of violation of the discharge injunction, *i.e.* contempt of court. *In re Hill,* 222 B.R. 119, 122 (Bankr.N.D.Ohio 1998); *In re Perviz,* 302 B.R. at 370. Accordingly, in ruling on the Motion to Dismiss, this Court must examine the Complaint, assuming all factual allegations to be true, to determine whether it avers that (i) Debtors received a discharge; (ii) PARC received notice of the discharge; and (iii) PARC intended the acts that violated the discharge injunction.[5]

In addition, the Complaint must include facts alleging the harm suffered by Debtors.

[L]ack of any allegations of actual injury to [Debtors] raises a standing issue of constitutional dimensions under Article III. [Debtors] must allege an injury in fact or a real and immediately threatened injury to them resulting from Defendant's alleged actions that may be redressed by the relief they have requested, which is interpreted by the court as compensatory sanctions payable to Plaintiffs for contempt from Defendant's alleged violation of the discharge injunction.

*Lohmeyer,* 365 B.R. at 754. *See also, Laws,* 2007 WL 1121266, *3, 2007 Bankr.LEXIS 1352 at *8 ("Having suffered no damages, [Debtors] lack standing to bring a contempt action seeking a compensatory fine.").

■ The Complaint contains sufficient allegations to withstand the Motion to Dismiss. First, the Complaint establishes that Debtors received a discharge in their underlying chapter 7 case in June 2005.[6] Second, PARC acknowledges that both Forum Health and its then-representative,

---

4. *Contrast, Stooksbury v. FSG Bank (In re Stooksbury),* No. 07–33959, 2008 WL 2169452, 2008 Bankr.LEXIS 1626 (Bankr. E.D.Tenn. May 22, 2008) where the motion to dismiss was granted because debtor (i) mistakenly scheduled the previously discharged debt when she filed for her second bankruptcy, (ii) failed to ask the creditor to withdraw its claim prior to filing her adversary proceeding, and (iii) failed to mention contempt in her complaint.

5. There is no uniformity about whether a creditor must have intended that its act violate the discharge injunction, or if it is sufficient that such creditor intended to do the act that violated § 524. This Court agrees with the reasoning expressed in *In re Hill,* 222 B.R. at 122–23, that the creditor need only have intended to commit the act that violates the discharge injunction.

6. Debtors state that their case was discharged on June 23, 2005. (Compl.¶ 13.) In fact, the order granting Debtors a discharge of their debts was entered on June 15, 2005. (Main Case, Doc. # 7.) On June 23, 2005, the case was closed and the final decree entered. (Main Case, Doc. # 9.)

Fidelity National Collections, were listed on Debtors' Schedule F, filed on February 15, 2005, with Debtor's voluntary petition under chapter 7 of the Code as required by FED. R. BANKR.P. 1007(b)(1).[7] The Complaint also asserts that PARC received direct notice of the discharge from Cynthia Motichko during at least two separate telephone calls (Compl. ¶¶ 15 and 17) and by certified mail, for which PARC signed on December 11, 2006 (Compl.16). Third, the Complaint specifically claims that even after receiving notice of Debtors' discharge, PARC continued its collection efforts through collection notices, telephone calls, and credit report tradelines representing the debt as unpaid. (Compl.¶¶ 15–18.) Accordingly, the Court finds the Complaint has sufficiently averred PARC acted intentionally to violate the discharge injunction in § 524.[8]

■ Debtors have also established standing sufficient to survive the Motion to Dismiss. While Debtors have not detailed their damages, they have alleged that PARC's actions caused them both economic and noneconomic harm. Specifically, Debtors assert that PARC's actions have caused them "unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code...." (Compl.¶ 26.) Debtors also claim "significant noneconomic damages in the form of frustration, aggravation, humiliation, embarrassment, loss of privacy, loss of time and inconvenience, and loss of enjoyment of the value of life." (Compl.¶ 21.)

## B. Proper Procedure

■ The traditional way to bring an action for contempt before the Court is by

motion. *Pertuso,* 233 F.3d at 421 ("The obvious purpose is to enjoin the proscribed conduct—and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one.") However, courts routinely hear contempt actions brought as adversary proceedings. *See, e.g. Laws,* 2007 WL 1121266, 2007 Bankr.LEXIS 1352. Because the complaint in *Laws* requested that "the Court impose such penalties that this Court would find appropriate," the *Laws* court denied the defendant's motion to dismiss on the issue of sanctions payable to the court for violation of the discharge injunction, even though the debtors admitted that defendant's conduct had not caused them to suffer any actual damages. *Laws,* 2007 WL 1121266, *3, 2007 Bankr.LEXIS 1352 at *9. *See also, Lohmeyer,* 365 B.R. at 754 (allowing debtors to amend complaint to include allegations of actual injury); *Schramm v. TMS Mortgage, Inc (In re Schramm),* No. 01–11026, 2006 Bankr.LEXIS 4470 (Bankr.N.D.Ohio July 6, 2006) (denying motion to dismiss counts pertaining to violation of the discharge injunction); *Braun v. Champion Credit Union (In re Braun),* 152 B.R. 466 (N.D.Ohio 1993) (affirming bankruptcy court's imposition of sanctions against creditor for violation of the discharge injunction); and *Beck v. Gold Key Lease, Inc. (In re Beck),* 272 B.R. 112, 114 (Bankr.E.D.Pa.2002) (holding "that Plaintiff does not have a private right of action under § 524, [but] dismissal ... [was] not warranted because Plaintiff has also alleged that [creditor] should be held in civil contempt for violating the discharge injunction").

---

7. Bankruptcy Rule 1007(b)(1) reads in pertinent part: "the debtor ... shall file schedules of assets and liabilities, ...." FED. R. BANKR.P. 1007 (West 2007).

8. This determination is made solely for purposes of ruling on the Motion to Dismiss. It remains Debtors' burden to prove PARC's conduct violated § 524.

 

To dismiss on procedural grounds alone would be to elevate form over substance. This is particularly true where—as here—an adversary proceeding provides more procedural protection for the defendant than does a contested matter brought by way of motion. *See, e.g., Beck,* 272 B.R. at 130. Furthermore, "even when filed as a motion, a contempt action can be handled in the same procedural manner as an adversary proceeding should a court so choose." *Id. See also, In re Bryant,* 340 B.R. 569 (Bankr.N.D.Tex.2006) ("A bankruptcy court has discretion to treat a contested matter as an adversary proceeding [pursuant to FED. R. BANKR.P. 9014(c) ].") Given that this Court has the discretion to require the more structured discovery process of an adversary proceeding in a contested matter,[9] the Court sees no reason to require Debtors to dismiss this adversary proceeding and refile it as a contested motion. Such unnecessary "hoop jumping" would merely serve to increase the costs of litigation, without providing any real benefit to either party.[10]

## IV. CONCLUSION

For the reasons given above, the Motion to Dismiss is not well taken. The Court finds, for purposes of the Motion to Dismiss, that Debtors have alleged sufficient facts within the Complaint to assert a claim for violation by PARC of the discharge injunction in 11 U.S.C. § 524. An appropriate order will follow, denying the Motion to Dismiss.

---

9. FED. R. BANKR P. 9020 states that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." FED. R. BANKR.P. 9014 contains the guidelines for litigating contested matters in a bankruptcy court. Many of Rule 9014's specific provisions refer to various rules in Part VII of the Bankruptcy Rules—FED. R. BANKR.P. 7001 *et seq.,* the rules which govern adversary proceedings. The notable exception is that several "subdivisions of FED. R.CIV.P. 26 [governing the discovery process],

as incorporated by Rule 7026, shall not apply in a contested matter *unless the court directs otherwise* [.]" FED. R. BANKR.P. 9014(c) (West 2007) (emphasis added).

10. The purpose of dismissing a claim under Rule 12(b)(6) is to streamline litigation and preclude the waste of judicial resources. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).