**In re Kenneth Keith KILBOURNE, and Gale Lynn Kilbourne, Debtors.**

**Kenneth & Gale Kilbourne on Behalf of Themselves and Others Similarly Situated, Plaintiffs,**

**v.**

**CitiMortgage, Inc., Defendant.**

**Bankruptcy No. 07–53240.
Adversary No. 13–02280.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Signed March 19, 2014.

Michael B. Zieg, Nobile & Thompson Co., LPA, Hilliard, OH, for Plaintiffs.

J. Michael Debbeler, Graydon Head & Ritchey LLP, Nathan H. Blaske, Harry W. Cappel, Cincinnati, OH, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE ADVERSARY PROCEEDING COMPLAINT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of Defendant's Motion to Dismiss the Adver-

sary Proceeding Complaint (Doc. 10) ("Motion"), the Plaintiffs' Response in Opposition (Doc. 12) ("Response"), and Defendant's Reply Brief in Support of its Motion (Doc. 13) ("Reply").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02, entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## I. Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) [1], the facts articulated in the complaint must be taken in a light most favorable to the plaintiff and accepted as true. *Bovee v. Coopers & Lybrand CPA,* 272 F.3d 356, 360–61 (6th Cir.2001). A motion to dismiss should be granted if the complaint lacks some factual context sufficient to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. The Court need not accept as true legal conclusions or unwarranted factual inferences. *Bovee,* 272 F.3d at 361. Therefore, the Plaintiff must allege facts (which should be taken as true) sufficient to suggest that a breach of duty

or obligation occurred. *Bell Atlantic Corp.,* 550 U.S. at 555–56, 127 S.Ct. 1955.

Typically, the Court is restricted to the pleadings when deciding a motion to dismiss attacking the legal sufficiency of the allegations contained in the complaint. However, in addition to the allegations of the complaint, the Court may also consider other materials integral to the complaint, public records, and other materials appropriate for judicial notice. *Bovee,* 272 F.3d at 360–61; *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir.2003), cert. den'd, 540 U.S. 1183, 124 S.Ct. 1424, 158 L.Ed.2d 87 (2004); *Wyser–Pratte Management Co., Inc. v. Telxon Corp.,* 413 F.3d 553, 560 (6th Cir.2005).

## II. Factual and Procedural Background

On or around November 24, 2003, Plaintiffs executed a note and mortgage ("Mortgage Loan") with ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). On April 30, 2007, Plaintiffs filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Plaintiffs' Chapter 13 plan was confirmed on December 3, 2007, and pursuant to the confirmed plan, payments on the Mortgage Loan were to be made by "conduit" through the Chapter 13 Trustee. Shortly thereafter, Defendant CitiMortgage, Inc. ("CitiMortgage") became successor in interest by merger to ABN AMRO, and began servicing the Mortgage Loan. On December 17, 2012, the Court entered an order deeming the Mortgage Loan current ("Deem Mortgage Current Order"). The Deem Mortgage Current Order directed CitiMortgage to adjust the Mortgage Loan balance to reflect the balance delineated in the original amortization schedule as of

---

**1.** Fed.R.Civ.P. 12 is applicable to adversary proceedings pursuant to Fed. R. Bankr.P. 7012.

November 2012. It further ordered that any amounts in excess of that balance would be discharged. On December 27, 2012, the Court entered an order granting Plaintiffs a discharge pursuant to 11 U.S.C. § 1328(a), and the bankruptcy case was closed on March 26, 2013. Upon Plaintiffs' motion, the Court reopened Plaintiffs' bankruptcy case on July 5, 2013. On August 19, 2013, Plaintiffs, purportedly on behalf of themselves and others similarly situated, filed their Class Action Complaint ("Complaint"), thereby commencing this adversary proceeding.

The Complaint alleges that CitiMortgage has violated the discharge injunction imposed by § 524 of the Bankruptcy Code. Specifically, Plaintiffs allege that on February 22, 2013, CitiMortgage's collection department sent a letter to Plaintiffs attempting to collect "delinquency expenses" in the amount of $427.61, which were posted to Plaintiffs' Mortgage Loan account during the pendency of their bankruptcy. According to the Complaint, Plaintiff Mr. Kilbourne contacted a representative of CitiMortgage and explained that any such fees had been discharged, and therefore, CitiMortgage was not permitted to collect on the fees. However, the representative responded that CitiMortgage was within its rights to collect on the fees. On March 28, 2013, counsel for Plaintiffs sent a letter requesting that CitiMortgage cease and desist with any further collection of the fees. CitiMortgage did not respond to the letter. On May 22, 2013, Plaintiffs refinanced the Mortgage Loan with another bank. The payoff statement provided by CitiMortgage indicated a June 1, 2013 Mortgage Loan payoff balance of $121,524, which included delinquency expenses of $1,612.50 and late charges of $427.61. Nonetheless, the Plaintiffs went forward with the refinancing.

## III. Discussion

The Motion seeks dismissal of the Complaint on procedural grounds, asserting that Plaintiffs fail to state a claim upon which relief can be granted because there is no private right of action for violations of the discharge injunction under § 524. Therefore, CitiMortgage argues, this matter is not permitted to proceed as an adversary proceeding, but rather must be brought by motion as a contested matter in the main bankruptcy case.

### A. No Private Right of Action.

In support of its position, CitiMortgage cites *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir.2000). In *Pertuso*, discharged Chapter 7 debtors filed a complaint in district court alleging that Ford Motor Credit violated the discharge injunction. The Sixth Circuit Court of Appeals affirmed the district court's dismissal of the complaint, holding that 11 U.S.C. § 524 does not create a private right of action. *Id.* at 422–23. The Court stated, "[t]he obvious purpose [of § 524] is to enjoin the proscribed conduct—and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." *Id.* at 421. Therefore, the proper mechanism for redressing a violation of the discharge injunction is a contempt proceeding initiated in the bankruptcy court that issued the discharge. *See Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 236, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) ("Sanctions for violations of an injunction ... are generally administered by the court that issued the injunction.").

This Court, however, does not interpret the Sixth Circuit Court of Appeal's holding to stand for the proposition that an action for violation of the discharge injunction may only be brought by motion; *Pertuso* only dictates that a contempt pro-

ceeding be initiated in the bankruptcy court which issued the discharge. Accordingly, commencement of an adversary proceeding to redress a violation of the discharge injunction may be proper, if the adversary proceeding is initiated in the court that issued the discharge order. As Plaintiffs' discharge was issued by this Court, *Pertuso* does not command that the Complaint be dismissed.

### B. Proper Procedure.

██ Federal Rule of Bankruptcy Procedure 9020 provides that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Fed. R. Bankr.P. 9020. Rule 9014 states that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion...." Fed. R. Bankr.P. 9014. In turn, Rule 7001 lists the types of proceedings that are adversary proceedings, and therefore, are not governed by Rule 9014. Specifically, Rule 7001(1) provides that "a proceeding to recover money or property" is an adversary proceeding. Fed. R. Bankr.P. 7001(1).

In the instant case, the Complaint is sufficient to assert a cause of action for the recovery of money or property. Although Plaintiffs only specifically request an order sanctioning CitiMortgage for contempt and for payment of attorney fees and costs, the final paragraph of the Complaint requests "any other relief that the Court determines is just and equitable under the circumstances." Complaint at 10. As discussed above, the Complaint alleges that CitiMortgage not only attempted to collect discharged fees and expenses, but that CitiMortgage actually collected such fees and expenses when Plaintiffs refinanced the Mortgage Loan. Accordingly, the Court finds the Complaint sufficient to state a claim for the recovery of the dis-

charged fees and expenses, which, pursuant to Federal Rule of Bankruptcy Procedure 7001, is an adversary proceeding. Further, as Plaintiffs' request for an order of contempt and for sanctions arises from the same facts and circumstances as the cause of action to recover the discharged fees and expenses paid to CitiMortgage, the Court will not require Plaintiffs to seek separate redress by motion filed in the bankruptcy case. Such would be a waste of judicial resources and cause the parties to incur additional and unnecessary attorney fees and costs.

██ The Court acknowledges that, pursuant to Federal Rule of Bankruptcy Procedure 9020 and 9014, the traditional way to bring an action for contempt is by motion. "However, courts routinely hear contempt actions brought as adversary proceedings." *Motichko v. Premium Asset Recovery Corp. (In re Motichko )*, 395 B.R. 25, 32 (Bankr.N.D.Ohio 2008). *See also, Brannan v. Wells Fargo Home Mortgage, Inc. (In re Brannan )*, 485 B.R. 443, 455 (Bankr.S.D.Ala.2013); *Palazzola v. City of Toledo (In re Palazzola )*, 2011 WL 3667624, \*11 (Bankr.N.D.Ohio 2011); *Beck v. Gold Key Lease, Inc. (In re Beck )*, 272 B.R. 112, 130 n. 25 (Bankr.E.D.Pa.2002). The court in *Motichko* further stated:

> To dismiss on procedural grounds alone would be to elevate form over substance. This is particularly true where—as here—an adversary proceeding provides more procedural protection for the defendant than does a contested matter brought by way of motion. Furthermore, "even when filed as a motion, a contempt action can be handled in the same procedural manner as an adversary proceeding should a court so choose."

*Motichko,* 395 B.R. at 33 (quoting *Beck,* 272 B.R. at 130). This Court agrees with the *Motichko* court. Therefore, even if Plaintiffs' Complaint did not allege a cause

of action for recovery of money or property, thereby classifying it as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001, to dismiss the on Complaint procedural grounds alone would improperly elevate form over substance.

## IV. Conclusion

In accordance with the foregoing, the Court finds that Plaintiffs' action was properly filed as an adversary proceeding, and that Plaintiffs have alleged sufficient facts within the Complaint to assert a claim for violation of the discharge injunction and the recovery of money and/or property. Therefore, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Adversary Proceeding Complaint (Doc. 10) is DENIED. It is further

**ORDERED AND ADJUDGED** that within 14 days from the date of entry of this Order, Defendant shall file and serve its answer to the Complaint.

**IT IS SO ORDERED.**