**IN RE: Rebecca J. BEITER, Debtor.**

**Rebecca J. Beiter, On Behalf of Herself and all Others Similarly Situated, Plaintiffs,**

v.

**Chase Home Finance, LLC, et al., Defendants.**

**Case No. 09–51303**

**Adv. Pro. No. 15–02195**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed July 15, 2016

Troy J. Doucet, Dublin, OH, for Plaintiffs.

Kenneth C. Johnson, Bricker & Eckler, LLP, David M. Whittaker, Columbus, OH, Kenneth M. Kliebard, Morgan, Lewis & Bockius, LLP, Chicago, IL, for Defendants.

### ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT JPMORGAN CHASE BANK. N.A.'S MOTION TO DISMISS CLASS ACTION COMPLAINT OR. IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS

C. Kathryn Preston, United States Bankruptcy Judge

This cause came on for consideration of the Motion of Defendant, JPMorgan Chase Bank, N.A., Individually and as Successor by Merger to Chase Home Finance LLC, to Dismiss Class Action Complaint or, in the Alternative, to Strike Class Allegations (Doc. # 13) (the "Motion") filed by Defendant, JPMorgan Chase Bank, N. A., ("Chase"), Plaintiff Rebecca J. Beiter's Memorandum in Opposition to Defendant's Motion to Dismiss Class Action Complaint, or in the Alternative, to Strike Class Allegations (Doc. # 18) (the "Response") filed by the Plaintiff, Rebecca J. Beiter (the "Debtor"), and the Reply of Defendant, JPMorgan Chase Bank, N.A., Individually and as Successor by Merger to Chase Home Finance LLC, in further support of Motion to Dismiss Class Action Complaint or, in the Alternative, to Strike Class Allegations (Doc. # 22) (the "Reply").

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(A).

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[1], the facts articulated in the complaint must be taken in a light most favorable to the plaintiff and accepted as true. *Bovee v. Coopers & Lybrand CPA*, 272 F.3d 356, 360–61 (6th Cir.2001). A motion to dismiss should be granted if the complaint lacks some factual context sufficient to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65. The Court need not accept as

---

1. Fed. R. Civ. P. 12 is applicable to adversary proceedings in bankruptcy court pursuant to  Fed. R. Bankr. P. 7012.

true legal conclusions or unwarranted factual inferences. *Bovee,* 272 F.3d at 361. Therefore, the Plaintiff must allege facts (which should be taken as true) sufficient to suggest that a breach occurred. *Bell Atlantic Corp.* at 1965.

## III. BACKGROUND

The Class Action Complaint alleges the following facts: On or around May 25, 2004, the Debtor executed a note and mortgage (the "Mortgage Loan") with Chase. On February 13, 2009, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor's Chapter 13 plan was confirmed on April 28, 2009, and pursuant to the confirmed plan, payments on the Mortgage Loan were to be made by "conduit" through the Chapter 13 Trustee. On March 13, 2014, after completion of the plan and upon motion of the Trustee, the Court entered an order deeming the Mortgage Loan current (the "Deem Mortgage Current Order"). The Deem Mortgage Current Order directed Chase to adjust the Mortgage Loan balance to reflect the balance delineated in the original amortization schedule as of February 2014. It further ordered that "[a]ny amounts in excess of that balance, including any alleged arrearages, costs, fees or interest" were discharged. On March 13, 2014, the Court entered an order granting the Debtor a discharge pursuant to 11 U.S.C. § 1328(a). With the exception of one payment in July 2014, the Debtor has made consecutive monthly mortgage payments since the Deem Mortgage Current Order and discharge were entered. Since her discharge, the Debtor has received incorrect and inconsistent mortgage statements from Chase every month that contained unexplained late fees and indicated the Debtor is past due on payment of several thousands of dollars on her Mortgage Loan despite having made all but one of her monthly payments. In addition, her mortgage statements indicated she was in an active bankruptcy even though she had completed same and received her discharge. In October 2014, the Debtor's bankruptcy attorney directly contacted Chase to advise that the Debtor had completed her bankruptcy and received a discharge and to request that her Mortgage Loan account be updated accordingly. Chase has not adjusted its records to reflect that the Debtor's Mortgage Loan is current.

On October 5, 2015, the Debtor purportedly on behalf of herself and others similarly situated, filed the Class Action Complaint for Violation of § 524 Discharge (the "Complaint") commencing this adversary proceeding. Subsequently, on December 14, 2015, Chase filed the instant Motion whereby it requests that the Complaint be dismissed, or in the alternative, that the class allegations be stricken.

In brief, the Complaint asserts that Chase has violated the discharge injunction imposed by § 524 of the Bankruptcy Code. The Debtor seeks redress from this Court for Chase's alleged violations of the discharge order. In addition, the Debtor alleges that there is a sufficient number of other similarly situated debtors that experienced similar if not the same violations of the discharge injunction by Chase such that a nationwide class (the "Nationwide Class") and district-wide class (the "District-wide Class") may be formed to seek redress for all their members as well.

Chase requests that this Court dismiss the Complaint because the relief requested (i.e., sanctions for contempt) must be initiated by motion under Federal Rule of Bankruptcy Procedure 9020 and not as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001. In the alternative, Chase requests that this Court

strike the Nationwide Class and District-wide Class (collectively the "Class") allegations in the Complaint on the basis that this Court does not have jurisdiction over the Class. Chase contends that contempt proceedings can only be heard and determined by the individual judge who presided over the matter. Thus, Chase argues, the Class allegations must be stricken since they include bankruptcy cases over which other judges presided.

## IV. DISCUSSION

██ "Once an order granting a discharge is entered, § 524(a) of the Bankruptcy Code gives rise to an injunction...." *Kreuz v. Fischer (In re Kreuz)*, 2014 WL 2765696, *2, 2014 Bankr.LEXIS 2667, *5 (Bankr.N.D.Ohio 2014). That statute states in pertinent part:

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(2). With respect to discharged debts, this injunction replaces the automatic stay, set forth in § 362(a), of actions to pursue collection of debts from the debtor personally. *See Ung v. Boni (In re Boni)*, 240 B.R. 381, 384 n. 5 (9th Cir. BAP 1999) ("When the debtor receives a discharge, although the automatic stay of acts against the debtor expires, it is replaced by the discharge injunction"); *In re Perviz*, 302 B.R. 357, 369 (Bankr.N.D.Ohio 2003) ("[Section] 524(a)(2) simply makes permanent what had previously been temporary under § 362(a)(6)."). Unlike

§ 362,[2] however, § 524 does not include an enforcement mechanism. As a result, damages are not available in private actions to enforce the discharge injunction. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir.2000). Rather, a debtor's only recourse for violation of the discharge injunction is to request that the offending party be held in contempt of court. *See Pertuso*, 233 F.3d at 421 ("The obvious purpose [of § 524(a)(2)] is to enjoin the proscribed conduct—and the traditional remedy for violation of an injunction lies in contempt proceedings.... "). "A creditor that attempts collection of a discharged debt is in contempt of the bankruptcy court that issued the discharge, and that court can impose sanctions under Bankruptcy Code § 105." *Montano v. First Light Fed. Credit Union (In re Montano)*, 2007 WL 2688606, *2, 2007 Bankr.LEXIS 3125, *5 (Bankr.D.N.M. 2007).

Initially, the Motion seeks dismissal of the Complaint on procedural grounds, asserting that the Complaint fails to state a claim upon which relief can be granted because there is no private right of action for violations of the discharge injunction under § 524. Therefore, Chase argues, this matter is not permitted to proceed as an adversary proceeding, but rather must be brought by motion as a contested matter in the main bankruptcy case.

### A. No private right of Action

██ As previously stated by this Court, "[t]o dismiss on procedural grounds alone would be to elevate form over substance." *Kilbourne v. CitiMortgage, Inc. (In re Kilbourne)*, 507 B.R. 219, 223 (Bankr. S.D.Ohio 2014) (quoting *Motichko v. Pre-*

---

**2.** Under § 362(k), "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

*mium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25, 32 (Bankr.N.D.Ohio 2008)). Notwithstanding, Chase cites *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir.2000). In *Pertuso*, discharged Chapter 7 debtors filed a complaint in district court alleging that Ford Motor Credit violated the discharge injunction. The Sixth Circuit Court of Appeals affirmed the district court's dismissal of the complaint, holding that 11 U.S.C. § 524 does not create a private right of action. *Pertuso*, 233 F.3d at 422–23. The Court stated, "[t]he obvious purpose [of § 524] is to enjoin the proscribed conduct-and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." *Pertuso*, 233 F.3d at 421. Therefore, the proper mechanism for redressing a violation of the discharge injunction is a contempt proceeding initiated in the bankruptcy court that issued the discharge. *See Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 236, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) ("Sanctions for violations of an injunction . . . are generally administered by the court that issued the injunction.").

This Court, however, does not interpret the Sixth Circuit Court of Appeal's holding to stand for the proposition that an action for violation of the discharge injunction may only be brought by motion; *Pertuso* only dictates that a contempt proceeding be initiated in the bankruptcy court which issued the discharge. Accordingly, commencement of an adversary proceeding to redress a violation of the discharge injunction may be proper, if the adversary proceeding is initiated in the court that issued the discharge order. As the Debtor's discharge was issued by this Court, *Pertuso* does not command that the Complaint be dismissed.

**B.  Proper Procedure**

 ▇  Federal Rule of Bankruptcy Procedure 9020 provides that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Fed. R. Bankr. P. 9020. Rule 9014 states that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion . . . ." Fed. R. Bankr. P. 9014. The Court acknowledges that, pursuant to Federal Rule of Bankruptcy Procedure 9020 and 9014, the traditional way to bring an action for contempt is by motion. "However, courts routinely hear contempt actions brought as adversary proceedings." *Motichko v. Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25, 32 (Bankr.N.D.Ohio 2008). *See also, Brannan v. Wells Fargo Home Mortg., Inc. (In re Brannan)*, 485 B.R. 443, 455 (Bankr. S.D.Ala.2013); *Palazzola v. City of Toledo (In re Palazzola)*, 2011 WL 3667624 *11 (Bankr.N.D.Ohio 2011); *Beck v. Gold Key Lease, Inc. (In re Beck)*, 272 B.R. 112, 130 n. 25 (Bankr.E.D.Pa.2002). The court in *Motichko* further stated:

> To dismiss on procedural grounds alone would be to elevate form over substance. This is particularly true where—as here—an adversary proceeding provides more procedural protection for the defendant than does a contested matter brought by way of motion. Furthermore, "even when filed as a motion, a contempt action can be handled in the same procedural manner as an adversary proceeding should a court so choose."

*Motichko*, 395 B.R. at 33 (quoting *Beck*, 272 B.R. at 130). This Court agrees with the *Motichko* court. Therefore, to dismiss the Complaint on procedural grounds alone would improperly elevate form over substance. Accordingly, Chase's request that the Complaint be dismissed on the basis that it should have been filed as a

motion instead of an adversary proceeding will be denied.

## C. Jurisdiction to Determine Violations of the Discharge Injunction

### 1. The District-wide Class

In this case, Chase requests that the Class allegations be stricken because this Court lacks the jurisdiction to consider alleged violations of discharge injunctions entered by other judges in other cases. Chase's argument is misplaced with respect to the District-wide Class, but is well-founded with respect to the Nationwide Class. "As a general principle of law, only the court which issues an injunction has the authority to enforce it." *Beck*, 283 B.R. at 166. 11 U.S.C. § 105 "undoubtedly vests bankruptcy courts with statutory contempt powers[.]" *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir.2000). "[A] contempt proceeding [must] be initiated in the bankruptcy court which issued the discharge." *Kilbourne v. CitiMortgage, Inc.(In re Kilbourne)*, 507 B.R. 219, 222–223 (Bankr.S.D.Ohio 2014). To be true, Chase's argument assumes that the terms "court" and "judge" are synonymous. "While, generally, only the court that issues the injunction may enforce it, the injunction is not personal to a specific judge of that court." *McNamee v. Nationstar Mortg., LLC (In re McNamee)*, Ch. 7 CaseNo. 12–32578, Adv. No. 14–3027, Decision and Order of the Court: Dismissing Pl.-Debtor's Nationwide Class Action Allegations and Den. Remainder of Def. Nationstar's Mot. To Dismiss at 13, ECF No. 11 (S.D.Ohio October 2, 2014) (citing *Beck v. Gold Key Lease, Inc. (In re Beck)*, 283 B.R. 163, 175 (Bankr.E.D.Pa. 2002)). When confronted with a similar argument in the context of criminal contempt for alleged violations of an injunction (i.e., that only the judge that issued the injunction can make a determination as to a party's alleged violation of same), the

Fifth Circuit Court of Appeals stated as follows:

> The argument that Judge Sterling may not enforce Judge Seals's injunction also fails. [The defendant] ... [argues] that enforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order. This statement is true enough. The problem lies in [the defendant's] attempt to equate the judge with the court. The ... injunction issued from the United States District Court for the Southern District of Texas and was not the personal command of Judge Seals, Judge Sterling, or any other judge on that court. Each judge of a multi-district court has the same power and authority as each other judge.

*United States v. Corn*, 836 F.2d 889, 892 (5th Cir.1988) (internal quotation marks and citations omitted). In the instant case, the Complaint limits the District-wide Class to "[a]ll persons who ... have been debtors in confirmed, completed and discharged Chapter 13 Bankruptcy proceedings in the Southern District of Ohio...." Accordingly, this Court has jurisdiction over the District-wide Class because it only includes discharge orders entered by judges in the same district as this Court.

### 2. The Nationwide Class

In contrast, however, this Court does not have jurisdiction to consider whether Chase violated the discharge injunction with respect to the Nationwide Class. This Court previously held that it lacks jurisdiction over nationwide class actions to remedy violations of the discharge injunction. *Forson v. Nationstar Mortg., LLC (In re Forson)*, 549 B.R. 866 (Bankr. S.D.Ohio 2016). A contempt proceeding resulting from a violation of an order or

injunction may only be maintained in the court that issued the order or injunction that was violated. *See Bedel v. Thompson*, 956 F.2d 1164, 1992 WL 44883, *4 (6th Cir. March 4, 1992). This is because contempt is an affront to the particular court that issued the order or injunction. *Id.* Moreover, this limitation on the power to enforce compliance with, and punish contempt of an order or injunction is jurisdictional. *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1318–19 (11th Cir.2015) ("It is settled that the court that issued the injunctive order alone possesses the power to enforce compliance with and punish contempt of that order, and this power to sanction contempt is jurisdictional." (internal quotation marks omitted)). Thus, this Court lacks jurisdiction over the claims of the Nationwide Class because otherwise the Court would be required to rule upon violations of discharges issued by other courts. *Motichko v. Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25, 30 (Bankr. N.D.Ohio 2008). *See also Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir.2001) ("[A]ffirmative relief can be sought only in the bankruptcy court that issued the discharge."); *McNamee v. Nationstar Mortg., LLC (In re McNamee)*, Adv. No. 14-3027, Decision and Order of the Court: Dismissing Pl.-Debtor's Nationwide Class Action Allegations and Den. Remainder of Def. Nationstar's Mot. To Dismiss at 13 (ECF No. 11) (Bankr.S.D.Ohio October 2, 2014) (holding that the court lacks jurisdiction over a nationwide class in an action to remedy violations of the discharge injunction). The Complaint defines the Nationwide Class as "[a]ll persons in the United States who have been debtors in confirmed, completed and discharged Chapter 13 Bankruptcy proceedings ..." Accordingly, this Court lacks jurisdiction over the Nationwide Class, and the same is hereby stricken from the Complaint.

## IV. CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion of Defendant, JPMorgan Chase Bank, N.A., Individually and as Successor by Merger to Chase Home Finance LLC, to Dismiss Class Action Complaint or, in the Alternative, to Strike Class Allegations (Doc. #13) is DENIED in part and GRANTED in part. JPMorgan Chase Bank, N.A.'s request that the Complaint be dismissed and the alternative request that the district-wide class allegations be stricken from the Complaint are hereby DENIED. JPMorgan Chase Bank, N.A.'s request that the nationwide class allegations be stricken from the Complaint is hereby GRANTED, and said allegations are stricken.

**IT IS SO ORDERED.**