RECOMMENDED FOR PUBLICATION
File Name: 20b0001p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE:  PAUL D. ORLANDI; SHERRIE A. ORLANDI,

*Debtors*.

_____

PAUL D. ORLANDI,

*Plaintiff-Appellee*,

*v.*

LEAVITT FAMILY LIMITED PARTNERSHIP; TOMA &
ASSOCIATES, L.P.A., INC.,

*Defendants-Appellants*.

No. 19-8001

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Cleveland.
No. 08-bk-15674; Adv. No. 17-01006—Jessica E. Price Smith, Judge.

Argued:  November 13, 2019

Decided and Filed:  February 28, 2020

Before:  DALES, HARRISON, and OPPERMAN, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ARGUED:**  Timothy N. Toma, TOMA & ASSOCIATES, L.P.A., INC., Willoughby Hills, Ohio,
for Appellants.  Fred P. Lenhardt, Cleveland, Ohio, for Appellee.  **ON BRIEF:**  Timothy N. Toma,
TOMA & ASSOCIATES, L.P.A., INC., Willoughby Hills, Ohio, Glenn E. Forbes, FORBES LAW
LLC, Painesville, Ohio, for Appellants.  Fred P. Lenhardt, Cleveland, Ohio, for Appellee.

---
**OPINION**
---

MARIAN F. HARRISON, Bankruptcy Appellate Panel Judge. Leavitt Family Limited Partnership ("LFLP") and Toma & Associates, L.P.A., Inc. ("Toma") (collectively "defendants") appeal from the bankruptcy court's decision granting judgment in favor of Paul D. Orlandi ("debtor"), determining that the defendants violated the discharge injunction and awarding attorney fees and costs. For the reasons that follow, the Panel affirms in part and reverses in part.

### ISSUES ON APPEAL

1. Whether a cause of action for contempt based upon a discharge injunction violation can be prosecuted by adversary complaint.

2. Whether the bankruptcy court had jurisdiction to determine whether the debtor's personal guaranty of the original lease between the parties was reinstated under a renewed post-petition extension of the lease.

3. Whether the debtor's 2008 bankruptcy case discharged his personal liability on account of his guaranty of a commercial lease.

4. Whether the defendants' actions in attempting to enforce the debtor's personal guaranty constituted a willful violation of the discharge injunction.

### JURISDICTION AND STANDARD OF REVIEW

A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (citations and internal quotations omitted). As in this case, "an order that concludes a particular adversarial matter within the larger case should be deemed final and reviewable in a bankruptcy setting." *Geberegeorgis v. Gammarino* (*In re Geberegeorgis*), 310 B.R. 61, 63 (B.A.P. 6th Cir. 2004) (citations omitted).

The bankruptcy court's conclusions of law are reviewed *de novo*, *Frank v. Kiesel* (*In re Denison*), 292 B.R. 150, 153 (E.D. Mich. 2003) (citation omitted), and findings of fact are reviewed under the clearly erroneous standard. *Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 944 (6th Cir. 2007).

**FACTS**

The debtor owned Studio 26 Salon, Inc. ("Studio 26"). On September 29, 2005, Studio 26 entered into a commercial lease agreement with LFLP for a unit in a shopping center located at 5867 Mayfield Road, Mayfield Heights, Ohio. The debtor signed the lease as president of Studio 26. Attached to the lease was a separate document titled "GUARANTY OF LEASE AGREEMENT" ("personal guaranty"). The debtor signed the personal guaranty in his individual capacity that same day, agreeing to guarantee the lease obligation of Studio 26.

The debtor and his spouse, Sherrie Orlandi, filed a joint petition under Chapter 7 on July 24, 2008. LFLP was listed as a creditor and received notice of the bankruptcy filing. The Orlandis received a discharge on November 14, 2008. LFLP received notice of the debtor's discharge.

Post-discharge, on March 26, 2011, the debtor, on behalf of Studio 26, exercised a five-year extension option on the commercial lease. The extension agreement was drafted by Dr. Douglas Leavitt, the managing partner of LFLP, and signed by the debtor in his capacity as president of Studio 26. The extension commenced on June 1, 2011, and ended on May 31, 2016. Studio 26 vacated the leased premises prior to the end of the lease term, as extended.

LFLP, represented by Toma, filed suit against the debtor on November 19, 2015, in Lake County Common Pleas Court, Case No. 15-CV-002016 ("state court action"). The state court action set forth the following allegations:

1.  On or about September 25, 2005, Studio 26 Salon, Inc. ("Studio 26"), entered into a written Lease with the plaintiff, the Leavitt Family Limited Partnership ("LFLP"), to rent the following premises, to wit: approximately 1620 square feet in the shopping center located at 5867 Mayfield Road, Mayfield Heights, Ohio 44124. A copy of the Lease is attached hereto as Exhibit A.

2.  In order to induce LFLP to lease the premises to Studio 26, the defendant, Paul D. Orlandi ("Orlandi"), executed a personal guarantee, agreeing to be personally responsible for all charges accruing under the Lease for Studio 26. A copy of the Guarantee [sic] of Lease Agreement is attached as Exhibit B.

3.  The personal guarantee provides that it is "absolute and unconditional" and that it shall "remain in full force and effect without regard to, and shall not be released discharged or in any way affected by" any amendment,

        modification, supplement, extension, renewal, or change in the terms of the Lease, or limitation on liability or obligation by operation of bankruptcy. *See*, Exhibit B.

4.      On or about March 26, 2011, the parties agreed to extend the lease term to May 31, 2016. A copy of the Extension is attached as Exhibit C.

5.      The Extension was executed in accordance with the Option Term provided for in the original Lease. *See*, Exhibit A.

6.      Studio 26 and Orlandi have breached the Lease by failing to pay rent, vacating the premises before the expiration of the lease term, and causing damage to the property.

7.      Studio 26 [is] no longer in business.

8.      Orlandi owes LFLP $24,750.00 in unpaid rent as of November 1, 2015, plus rent as it continues to accrue, and compensation for damages to the property.

9.      Despite due demand, Orlandi has failed to pay LFLP the money due and owing.

(Exhibit Tender Sheet, Adv. No. 17-01006, ECF No. 39, Exhibit D).[1]

In his answer to the state court action, the debtor included "Discharge in Bankruptcy" as an affirmative defense, thus notifying Toma of the debtor's discharge. LFLP and Toma continued the state court action, and the debtor filed a motion to reopen his bankruptcy case. The bankruptcy court reopened the bankruptcy on November 9, 2016, and the debtor filed this adversary proceeding on January 5, 2017, asserting that the personal guaranty was discharged and that LFLP and Toma willfully violated the discharge injunction by filing the state court action. The state court action was stayed on November 28, 2016.

The defendants subsequently filed a Motion for Summary Judgment, claiming that the discharge injunction was irrelevant because the 2011 lease extension that Studio 26 agreed to resurrected the debtor's personal guaranty and because the language in the original lease and the lease extension contained a survivability clause that superseded the bankruptcy filing and discharge. The bankruptcy court denied the motion for summary judgment, stating that "[t]he facts in this case merit an entry of summary judgment in favor of the non-moving party,

---

[1]Unless otherwise noted, all ECF Docket references are to the Adversary Proceeding docket.

Mr. Orlandi. However, an entry of summary judgment *sua sponte* is discouraged in the Sixth Circuit." (Memorandum of Opinion Denying Motion for Summary Judgment, ECF No. 18 at 5).

The defendants' motion for leave to appeal the denial of summary judgment to the United States District Court was denied, and the matter proceeded to trial on June 12, 2018, after additional pre-trial conferences and a final pre-trial conference. At trial, the bankruptcy court reviewed the Joint Stipulations of Fact and then asked if there were any motions to be made at that time. Both sides declined to make any motion. After the debtor's attorney made his opening statement, counsel for the defendants made an oral motion to dismiss counts two and three, claiming that contempt proceedings must be brought by motion rather than in an adversary proceeding. After taking a recess, the bankruptcy court denied the motion stating:

> First, again, this case was filed in January of 2017. The parties have been served properly, provided notice, have been given notice of dispositive motion deadlines, have filed dispositive motions, have appealed both dispositive motions. We have now come to the point of the date of trial. No party at this point would be prejudiced by going forward with this matter as an evidentiary proceeding that all parties had notice of, and that all parties had notice to bring their witnesses.

> Further, parties have provided documentation of information that they would like for this Court to consider in addressing this issue, as well as witness and exhibit lists. The witnesses are here and the stipulations have been done. So all procedural protections, which are the point of the rules, have been done. And so there would be no prejudice to either party to go forward with this hearing at this point with respect to the issue of whether or not there has been a violation of the discharge injunction.

> With respect to the Defendant's second -- excuse me, request to strike Claim Number 3, I believe there is -- I don't know if it's necessarily a misunderstanding or a -- the issue seems to be that the Defendants are under the impression that in order to determine whether or not there was a discharge violation, there needs to be a determination of underlying liability. That is not the case.

> The issue that is being brought by this adversary proceeding is whether in bringing the State Court action, there was a violation of the discharge. That issue is when the discharge was entered, did it affect the guarantee [sic]. So the Debtor was a guarantor. The guarantee [sic] was an obligation that existed prior to the filing of the bankruptcy, and so that guarantee [sic] would have been -- the allegation of that guarantee [sic] was discharged under the bankruptcy case filed by the Debtor and his spouse.

> The State Court action attempts to collect on the guarantee [sic], presumably under the belief that the guarantee [sic] still existed. So the question here is whether

or not the guarantee [sic] was discharged, and if the guarantee [sic] was discharged, whether it was improper or an attempt to collect on a discharged debt, when the Lake County action was filed. We don't get to the point of what, if any, damages existed in Lake County. The question is, is there a guarantee [sic] that can be sued upon in the first instance, and that is what we are here to discuss today. I believe that was clear in the documents. I believe that is clear from the stipulations that the parties have entered into, and I also stated it last week, that that was the issue that we are here to talk about.

(Trial Transcript, ECF No. 78 at 16:23 – 18:25).

The trial proceeded, and the bankruptcy court entered a memorandum opinion and order on September 29, 2018, concluding:

The discharge that Mr. Orlandi received meant that he was no longer liable under the Guaranty, which was a contingent claim. Defendant LFLP had knowledge of Mr. Orlandi's bankruptcy case when it filed the state court action. Defendant Toma received notice prior to filing the state court action, and through Mr. Orlandi's answer to that action, and chose to prosecute the action. Therefore, the actions taken by LFLP and Toma in filing and continuing the state court action to enforce the Guaranty are willful violations of Mr. Orlandi's discharge injunction. Defendants are ordered to dismiss their state court action. Plaintiff is to certify costs and other damages to this Court. A separate hearing on damages will be held.

(Memorandum of Opinion and Order, ECF No. 40 at 7). On January 8, 2019, the hearing on damages was held. The bankruptcy court granted the debtor's Application for Costs and Other Damages with respect to attorney fees and costs of $10,720 but denied the request for punitive damages.

## DISCUSSION

### Motion to Dismiss

On the day of trial, the defendants made an oral motion to dismiss two counts of the complaint on the basis that violations of the discharge injunction must be brought by motion rather than by filing a complaint in an adversary proceeding. After consideration, the bankruptcy court denied the motion, noting the lateness of the request for dismissal and finding that all procedural protections had been afforded to the parties.

Bankruptcy courts in the Sixth Circuit are split on whether a discharge injunction violation can only be raised by motion rather than adversary complaint. Many courts have held that *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422–23 (6th Cir. 2000), explicitly limits the remedy for a discharge violation to a contempt proceeding brought by motion, thus requiring that claims brought by adversary proceeding be dismissed. *See, e.g.*, *Frambes v. Nuvell Nat'l Auto Fin., LLC* (*In re Frambes*), 454 B.R. 437, 440–43 (Bankr. E.D. Ky. 2011). Other courts have held that requiring the debtor to bring the claim as a contested matter rather than as a cause of action is to elevate form over substance. *See, e.g.*, *Beiter v. Chase Home Fin., LLC* (*In re Beiter*), 554 B.R. 433, 438 (Bankr. S.D. Ohio 2016) ("[T]o dismiss the Complaint on procedural grounds alone would improperly elevate form over substance."). In *Beiter*, the court did not interpret *Pertuso* to stand for the proposition that an action for violation of the discharge injunction may only be brought by motion. 554 B.R. at 438. Instead, the *Beiter* court held that *Pertuso* "only dictates that a contempt proceeding be initiated in the bankruptcy court which issued the discharge." *Id.*

In the present case, the defendants waited until the last hour to raise the issue. Dispositive motions had been filed and decided, pretrial conferences had been held, and the parties, along with witnesses, were in court ready to proceed when the defendants requested that the discharge injunction violation counts be dismissed. If the bankruptcy court had dismissed those counts, the debtor would have been allowed the opportunity to file a motion for contempt in the main bankruptcy case. *See In re Frambes*, 454 B.R. at 443 (count alleging violation of discharge injunction dismissed without prejudice to file a motion in the main case). Thus, granting dismissal at the eleventh hour, only to have the debtor refile the matter as a motion for contempt in the main case, would have been a waste of judicial resources, expensive and significantly inconvenient to all involved. Under these circumstances, dismissing the case would have allowed the defendants the tactical ability to promote form over substance and further delay the proceedings. Accordingly, the Panel finds that the bankruptcy court did not err in denying the defendants' oral motion to dismiss.

**Discharge of Personal Guaranty**

The defendants argue that the bankruptcy court did not have subject matter jurisdiction to determine whether the debtor's personal guaranty of the original lease between the parties was

reinstated under the post-petition lease extension, thus usurping the authority of the state court. The bankruptcy court succinctly summarized the question at hand as "whether Mr. Orlandi's pre-petition guaranty of Studio 26's obligation was discharged in his bankruptcy and therefore not enforceable post-petition." (Memorandum of Opinion and Order, ECF No. 40 at 4). The bankruptcy court had subject matter jurisdiction to determine whether a discharge injunction violation occurred, *Holley v. Kresch Oliver, PLLC* (*In re Holley*), 473 B.R. 212, 214 (Bankr. E.D. Mich. 2012) (citing *Allard v. Coenen* (*In re Trans–Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009)), which necessarily required a determination of whether the lease extension could reinstate the pre-petition personal guaranty. As part of its ruling, the bankruptcy court determined that the personal guaranty did not survive the discharge order and could not be revived. Accordingly, the only issue is whether the debtor's pre-petition guaranty was enforceable. Whether the debtor is liable under any other theory is not before the Panel.[2]

Whether the personal guaranty was discharged in the debtor's bankruptcy depends upon whether it was a pre-petition debt. The Bankruptcy Code defines a "debt" as "liability on a claim," 11 U.S.C. § 101(12), and a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). These terms are defined as broadly as possible "to enable the debtor to deal with all legal obligations in a bankruptcy case." *In re Lipa*, 433 B.R. 668, 670 (Bankr. E.D. Mich. 2010). Accordingly, whether a pre-petition personal guaranty is viable post-petition depends on whether the pre-petition personal guaranty falls within the definitions of "debt" and "claim." As noted by the bankruptcy court, there are two distinct lines of cases regarding this issue.

The first line of cases holds that there is no contingent claim to be discharged without a post-petition right to payment, such as an extension of credit or enforcement of a guaranty.

---

[2]The bankruptcy court noted that "Defendants also made assertions and presented evidence alleging that Mr. Orlandi was personally responsible for the alleged damages to the leased premises in an individual capacity, beyond his personal guaranty. Since these were not responsive to the Plaintiff's Complaint, were not contained in the Defendants' state court complaint, and Defendants did not file a counterclaim in this action, this Court did not make any findings as to liability of Mr. Orlandi personally under some theory of recovery other than through enforcement of the guaranty." (*Id*. at 4 n.1). Only the state court complaint's reliance on the pre-petition personal guaranty is relevant to the determination of whether there was a discharge injunction violation.

Therefore, absent an affirmative action by the debtor to terminate the guaranty, the guaranty may be enforced as to obligations incurred post-petition. *See Weeks v. Isabella Bank Corp.* (*In re Weeks*), 400 B.R. 117, 124 (Bankr. W.D. Mich. 2009) ("no dischargeable 'claim' (i.e., an enforceable obligation) can arise on account of a debtor's guaranty of future indebtedness until a new advance has in fact been made"); *Dulles Elec. & Supply Corp. v. Shaffer* (*In re Shaffer*), 585 B.R. 224, 230 (Bankr. W.D. Va. 2018) (debtor's discharge did not discharge liability under a pre-petition continuing guaranty for post-petition credit extensions); *Graybar Elec. Co. v. Brand* (*In re Brand*), 578 B.R. 729, 734 (D. Md. 2017) ("the unpaid amounts arising from [the primary obligor's] post-petition purchase orders, even if owed by [the debtor] pursuant to her unrevoked pre-petition guaranty, were not pre-petition debts discharged through [the debtor's] bankruptcy"); *Wuthrich v. Amer Sports Winter & Outdoor Co.*, No. C-14-0871 EMC, 2015 WL 1503424 at *4-5 (N.D. Cal. April 1, 2015) (debtor's obligation under pre-petition continuing guaranty not discharged as to post-petition obligations that did not exist pre-petition, were not routinely occurring or predictable (such as a guaranty of a monthly rental obligation), and where the so-called "contingency" of the claim "did not turn on events or actions of a third party" but was completely within the debtor's control); *Nat'l Lumber Co. v. Reardon* (*In re Reardon*), 566 B.R. 119 (Bankr. D. Mass. 2017) (same).

The second line of cases, relied upon by the bankruptcy court, holds that a pre-petition guaranty is a contingent claim that is discharged in bankruptcy. *See In re Lipa*, 433 B.R. 668; *Russo v. HD Supply Elec., Ltd.* (*In re Russo*), 494 B.R. 562 (Bankr. M.D. Fla. 2013); *In re Stillwell*, No. BK08-82997-TLS, 2012 WL 441193 (Bankr. D. Neb. Feb. 10, 2012); *Fravala v. E Holdings, Ltd.* (*In re Fravala*), Bankr. No. 3:11-bk-48-PMG, Adv. No. 3:16-ap-132-PMG, 2017 WL 3447936 (Bankr. M.D. Fla. Aug. 10, 2017); *Motley v. Equity Title Co.* (*In re Motley*), 268 B.R. 237 (Bankr. C.D. Cal. 2001).

In *Lipa*, the debtor signed a pre-petition personal guaranty with a supply company guarantying payments by the debtor's company. Later, the debtor filed a Chapter 7 bankruptcy. Post-discharge, the supply company sued the debtor on the guaranty for post-petition company debts, arguing that the personal guaranty extended to post-petition extensions of credit. The court disagreed, holding that the terms "claim" and "debt" are "defined as broadly as possible to enable

the debtor to deal with all legal obligations in a bankruptcy case," including the debtor's personal guaranty. 433 B.R. at 671 (citation omitted). The same was true in *Russo*. The debtor signed a guaranty for his company's financial obligation, filed for bankruptcy protection, and received a discharge. The company later defaulted, and the creditor sought to hold the debtor liable on the pre-petition personal guaranty. The court found that the personal guaranty was a classic example of a contingent liability, falling squarely within the Code's definition of "debt" and "claim." As such, the creditor's "claim against the Debtor arising from the Guaranty was subject to being discharged as of the petition date." 494 B.R. at 569. In *Stillwell*, the creditor tried to enforce a pre-petition personal guaranty of a commercial real estate lease, and the court held that "any obligations (contingent or otherwise) [the debtor] may have had to [the creditor] were discharged by the discharge order entered herein." 2012 WL 441193 at *4.

The Panel agrees with the second line of cases holding that a pre-petition personal guaranty is a contingent debt that is discharged in bankruptcy. As stated earlier, "debt" and "claim" are defined in the Code as broadly as possible "to enable the debtor to deal with all legal obligations in a bankruptcy case." *Lipa*, 433 B.R. at 670. These broad definitions are consistent with "[t]he principal purpose of the Bankruptcy Code [] to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)).

In this case, the debtor listed the personal guaranty in his petition and received a discharge. LFLP received notice of the bankruptcy and the subsequent discharge. The personal guaranty falls under the definitions of "debt" and "claim" and was therefore covered by the discharge order. When Studio 26 elected the option to extend the commercial lease with LFLP for five years post-discharge, the debtor's personal liability on account of the pre-petition guaranty was no longer enforceable. LFLP could have requested that the debtor reaffirm his liability under the personal guaranty during his bankruptcy pursuant to 11 U.S.C. § 524(c), or LFLP could have required the debtor to sign a new personal guaranty when the Studio 26 lease was extended. Neither of these events happened, and therefore, any debt owed on account of the pre-petition personal guaranty was discharged. Accordingly, the bankruptcy court did not err in finding that the filing of the state

court action, to the extent it is based on the debtor's pre-petition personal guaranty, was a violation of the discharge injunction.

**Willfulness of Discharge Injunction Violation**

The defendants acknowledge that they had notice of the bankruptcy prior to filing the state court action but argue that any violation of the discharge injunction was not willful because the bankruptcy court had never addressed the issue before, there is no controlling case law in the Sixth Circuit, and the most analogous cases have caused a split of opinion among other courts. In finding that the defendants' actions constituted a willful violation of the discharge injunction, the bankruptcy court determined that the defendants were aware of the bankruptcy and chose to file and continue to pursue the state court action against the debtor.

The discharge injunction "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). A violation of the discharge injunction exposes a creditor to potential contempt of court. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421–423. Courts within the Sixth Circuit have historically held that contempt sanctions for violation of the discharge injunction are appropriate when a creditor's actions are willful, that is, when "the creditor deliberately acted with [actual] knowledge of the bankruptcy case." *In re Martin*, 474 B.R. 789, 2012 WL 907090 at *5 (B.A.P. 6th Cir. 2012) (Table) (citations omitted); *Kanipe v. First Tenn. Bank* (*In re Kanipe*), 293 B.R. 750, 756 (Bankr. E.D. Tenn. 2002). Under this standard, a willful violation of the discharge injunction could occur "even though the creditor believed in good faith that its actions were lawful." *McCool v. Beneficial* (*In re McCool*), 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010) (citations omitted).

Recently, in *Taggart v. Lorenzen*, __ U.S. __, 139 S. Ct. 1795 (2019), the United States Supreme Court rejected a similar willfulness standard and clarified the standard that applies when a violation of the discharge injunction is alleged. The Court held that a creditor may only be held in civil contempt for violation of the discharge order "if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct." 139 S. Ct. at 1799. "[C]ivil contempt may be

appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Id.* In other words, there is no fair ground of doubt when the creditor violates a discharge injunction "based on an objectively unreasonable understanding of the discharge order or the statutes that govern its scope." *Id.* at 1802. A "creditor's good faith belief" that the discharge injunction does not apply to the creditor's act that violated the discharge injunction does not by itself preclude a civil contempt sanction. *Id.* Conversely, it is not sufficient to hold a creditor in civil contempt by finding that "the creditor was aware of the discharge order and intended the actions that violated the order." *Id.* at 1803.

The bankruptcy court in the present case followed what had been the Sixth Circuit standard rather than the newly articulated standard set forth by the Supreme Court in *Taggart*. While the bankruptcy court applied the wrong standard, it is clear from its findings that the defendants' actions were not willful under the new standard of "no fair ground of doubt," and therefore, there is no reason to remand the matter for further findings. The bankruptcy court specifically stated:

> Two distinct lines of cases have emerged as to the post-petition viability of a personal guaranty entered into pre-petition. Some courts hold that a pre-petition guaranty is a contingent claim that is discharged in bankruptcy. *See In re Russo*, 494 B.R. 562 (Bankr. M.D. Fla. 2013); *In re Lipa*, 433 B.R. 668 (Bankr. E.D. Mich. 2010); *In re Stillwell*, No. BK08-82997-TLS, 2012 WL 441193 (Bankr. D. Neb. Feb. 12, 2012); *In re Fravala*, No. 3:16-ap-132-PMG, 2017 WL 3447936 (Bankr. M.D. Fla. Aug. 10, 2017); *In re Motley*, 268 B.R. 237 (Bankr. C.D. Cal. 2001). Others hold that there is no contingent claim to be discharged without a post-petition right to payment, such as an extension of credit or enforcement of the guaranty. Therefore, absent an affirmative action by the debtor to terminate the guaranty, the guaranty may be enforced as to obligations incurred post-petition. *See In re Shaffer*, 585 B.R. 224 (Bankr. W.D. Va. 2018); *In re Brand*, 578 B.R. 729 (D. Md. 2017); *In re Weeks*, 400 B.R. 117 (Bankr. W.D. Mich. 2009); *Wuthrich v. Amer Sports Winter & Outdoor Company*, No. C-14-0871 EMC, 2015 WL 1503424 (N.D. Cal. April 1, 2015); *In re Reardon*, 566 B.R. 119 (Bankr. D. Mass. 2017). After careful consideration, this Court agrees with the cases that hold that a pre-petition guaranty is discharged as a contingent claim at the time of filing.

(Memorandum of Opinion and Order, ECF No. 40 at 4-5). The bankruptcy court acknowledged that there was a clear split of authority as to whether or not a pre-petition guaranty is discharged and that there is no controlling law in the Sixth Circuit on the issue. Accordingly, there was an objectively reasonable basis for the defendants to have concluded that filing the state court action

might be lawful, and the bankruptcy court's finding of willfulness and the awarding of damages is reversed.

**CONCLUSION**

The bankruptcy court did not err in finding that the defendants violated the discharge injunction by filing a state court complaint seeking liability based on the debtor's pre-petition personal guaranty. Accordingly, this portion of the bankruptcy court's judgment is AFFIRMED. The bankruptcy court's ruling that the defendants willfully violated the discharge injunction and awarding of damages was error in light of the Supreme Court's recent decision in *Taggert*. Accordingly, the finding of a willful violation and the awarding of damages is REVERSED.

Now that it is clear to the defendants that the debtor's liability under the guaranty is no longer enforceable, it should go without saying that continued prosecution of the state court action at this point would, on a proper showing, subject them to a contempt finding and damages.